UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
BENJAMIN SELL,

                               Plaintiff,                    Case No.:  19 CV 3105(RJD)(RER)

        - against -

UNITED STATES OF AMERICA, UNITED STATES
DEPARTMENT OF TRANSPORTATION, UNITED
STATES MERCHANT MARINE ACADEMY
and JOHN DOES 1-10,

                           Defendants.
-------------------------------------------------------------------X

## BENJAMIN SELL'S MEMORANDUM
## OF LAW IN SUPPORT OF HIS MOTION
## FOR SUMMARY JUDGMENT

HOGAN & CASSELL, LLP
Attorneys for Benjamin Sell
500 North Broadway, Suite 153
Jericho, New York 11753
(516) 942-4700
mcassell@hogancassell.com

## TABLE OF CONTENTS

I.    INTRODUCTION.................................................................................................1

II.   RELEVANT FACTS.............................................................................................4

III.  ARGUMENT......................................................................................................10

      A.    Sell is Entitled to Relief Pursuant to the APA.........................................10

      B.    Defendants' Conduct is Violative of the APA...........................................11

      C.    Defendants Violated Sell's Due Process Rights.......................................16

            1.    Procedural Due Process....................................................................16

            2.    Substantive Due Process..................................................................19

      D.    Sell Should be Entitled to Discovery if
            the Court Finds Any Questions of Fact......................................................20

IV.   CONCLUSION..................................................................................................21

## TABLE OF AUTHORITIES

*Decisions:*                                                                                      *Page:*

Anania v. United States, CV 16-3542(SJF)
2018 U.S. Dist. LEXIS 5961 (E.D.N.Y. Jan. 12, 2018)..................................................................10

Association of Proprietary Colleges v. Duncan, 107 F. Supp. 3d 332 (S.D.N.Y. 2015)..........10-11

Blassingame v. Secretary of the Navy, 866 F.2d 556 (2d Cir. 1989)……...........................12, 17

Birdwell v. Schlesinger, 403 F. Supp. 710 (D. Col. Nov. 14, 1975)……………………….........17

Brezler v. Mills, 220 F. Supp. 3d 303 (E.D.N.Y. 2016)…………………………………...............13

Cassidy v. United States, No. 17-cv-4187 (SJF), 2018 U.S. Dist. LEXIS 198733,
2018 WL 6088146 (E.D.N.Y. Nov. 20, 2018)...................................................................................19

Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402 (1971)...................................20-21

Cooper v. Caldera, 96 F. Supp. 2d 1160 (D. Kan. 2000)…………………………………….......13

Cowles v. McHugh, 2014 U.S. Dist. LEXIS 138927 (D. Conn. Sept. 30, 2014)...........................13

Crowley v. United States Merchant Marine Academy,
985 F. Supp. 292 (E.D.N.Y. 1997)………………………………………………………...............17

Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis., 804 F.3d 178 (2d Cir. 2015)...........21

DeFabio v. East Hampton Union Free Sch. Dist., 623 F.3d 71 (2d Cir. 2010)..............................19

Doe v. Cummins, 662 Fed Appx. 437 (6th Cir. 2016)...............................................................18-19

Doe v. United States Merch. Marine Acad., 307 F. Supp. 3d 121 (E.D.N.Y. Apr. 20, 2018).......19

Evangelical Lutheran Church v. INS, 288 F. Supp. 2d 32 (D.C. 2003)………………….............13

Greene v. Carson, No. 14 Civ. 3676(AT), 2017 U.S. Dist. LEXIS 91737
(S.D.N.Y. June 14, 2017)……………………………………………………………............10, 13

Guertin v. United States, 743 F.3d 382 (2d Cir. 2014)...............................................................12-13

Hearn v. United States, No. 17-CV-3703(ADS), 2018 U.S. Dist. LEXIS 63738
(E.D.N.Y. Apr. 16, 2018)……………………………………………………………………......21

Lightsey v. King, 567 F. Supp. 645 (E.D.N.Y. 1983)……………………………….....11-12, 17

*Decisions:*                                                                          *Page:*

Oladokun v. Ryan, 06 Civ. 2330(KMW), 2009 U.S. Dist. LEXIS 29112,
2009 WL 857460 (S.D.N.Y. March 31, 2009).................................................................21

Oladokun v. Ryan, 2010 U.S. Dist. LEXIS 1033814
2010 WL 3910578 (S.D.N.Y. Sept. 30, 2010).………………………………….................16-17

Rubino v. Saddlemire, 2007 U.S. Dist. LEXIS 14893,
2007 WL 685183 (D. Conn. March 1, 2007)..................................................................18

Stainback v. Mabus, 671 F. Supp. 2d 126 (D.C. Dist. 2009).………………….............................12

Storms v. United States, 2017 U.S. Dist. LEXIS 95149 (E.D.N.Y. June 20, 2017)......................10


*Statutes:*                                                                           *Page*

5 U.S.C. § 701 (the "APA").………………….........………………………….......*passim*

Federal Rule of Civil Procedure 56...............................................................................10

# I. **INTRODUCTION**

The plaintiff, Benjamin Sell ("Plaintiff" or "Sell"), by his attorneys, Hogan & Cassell, LLP, respectfully submits this Memorandum of Law in support of his motion seeking summary judgment, pursuant to the Administrative Procedure Act, 5 U.S.C. § 701 (the "APA"), on Plaintiff's claims that the conduct of the defendants, United States of America, United States Department of Transportation and United States Merchant Marine Academy (collectively "Defendants"), violated the APA and his Due Process Rights.

In this action, Sell seeks relief against Defendants premised upon his disenrollment from the Merchant Marine Academy (the "Academy"). By way of background, in or about June 2015, Sell entered the Academy, Class of 2019. In September 2018, Sell appeared before an Honor Review Board regarding a claim that he had cheated on a humanities project. The Honor Review Board voted unanimously (9-0) that Sell should not be separated from the Academy. Pursuant to the Honor Manual, the Superintendent of the Academy at the time, James A. Helis ("Superintendent Helis"), was tasked with rendering a final decision based upon the determination by the Honor Board. Clearly, certain administration at the Academy, including Commandant Mikel E. Stroud ("Stroud"), was unhappy with the penalty determined by the Honor Board and they implored Superintendent Helis to more severely punish Sell. Superintendent Helis, however, did not find a basis to disenroll Plaintiff.

The day after Superintendent Helis left the Academy (which was also the day after Superintendent Helis determined that Sell should not be disenrolled from the Academy for his academic issues), however, the new regime seized upon this opportunity to punish Sell for the same exact conduct for which he had already been punished. Specifically, Stroud made a recommendation for an Executive Board hearing (the "Recommendation"), to the new (interim)

Superintendent of the Academy, Susan Dunlap. The Recommendation stated that Stroud recommended an Executive Board to determine the suitability of Sell based upon Sell's failures in honor, academics and Physical Readiness Test ("PRT"). After an Executive Board hearing, Sell was disenrolled from the Academy.

It is well settled that a claim pursuant to the APA is appropriate for early disposition in an action because in reviewing a claim pursuant to the APA, the District Court, in effect, sits as an appellate tribunal. When an agency, such as the Academy, has certain procedures and regulations, it must follow the procedures and regulations. The failure to do so is arbitrary and capricious action in violation of the APA. Similarly, it is well settled that the Academy must follow its own rules and regulations prior to disenrolling a student. The failure to abide by its own rules and regulations constitutes arbitrary and capricious conduct that is a procedural Due Process violation. And, when it is demonstrated that a school's decision to expel a student was arbitrary, irrational or motivated by bad faith, such a decision is violative of the student's substantive Due Process rights.

As set forth in more detail below, for at least six separate reasons, Defendants' conduct in disenrolling Sell was violative of the APA and Sell's Due Process rights. In fact, it is evident that Defendants' conduct was arbitrary, capricious, irrational and/or motivated by bad faith and that Defendants failed to abide by the Academy's own rules and regulations.

First, while the Regulations empowers the Superintendent to convene an Executive Board in response to a recommendation of the Commandant, the Regulations only permit convening a hearing under two limited circumstances: 1) to address a disciplinary offense; or 2) if there is a report by the Commandant's Performance Review Board that "indicates a serious lack of aptitude or suitability of a Midshipman for a career in the merchant marine and the United States

Navy Reserve." The Recommendation by Stroud to convene an Executive Board as to Sell was neither premised upon a disciplinary offense nor was it premised upon a report after a Performance Review Board. Thus, the Academy's scheduling of an Executive Board, which directly led to Sell's disenrollment from the Academy, was in contravention of its own rules and regulations.

Second, while part of the Recommendation was premised upon Sell's "failures in Honor", Sell had already been disciplined and punished for his conduct, resulting in the October 11, 2018 final decision by Superintendent Helis. The Academy's conduct in double-punishing Sell for the same exact conduct violated his Due Process rights.

Third, the decision of Superintendent Helis specifically stated that if and only if Plaintiff failed to comply with the terms set forth in the determination by Superintendent Helis would Plaintiff "be referred to an Executive Board or Superintendent's hearing and may be disenrolled from the Academy." Even though Sell never violated any of the terms of the determination, he was still referred to an Executive Board and disenrolled from the Academy.

Fourth, although the Recommendation was premised upon Plaintiff being placed on deferred graduate status after an Academic Review Board ("ARB"), the Academy was well aware that the result of Sell's ARB was "voided" and "superseded" by Superintendent Helis's determination after the Honor Board. Given that Plaintiff's academic record was already taken into account when Superintendent Helis determined the proper punishment for Sell, Sell's rights were violated when he was thereafter disenrolled for this same exact conduct.

Fifth, one of the factors in disenrolling Sell was that he supposedly failed multiple Physical Readiness Tests (i.e. PRT's). The undisputed facts, however, show that Sell remediated any failed PRT's and that the Executive Board relied upon erroneous information as to the claim

3

that Sell failed to appear for a PRT in the first trimester, academic year 2019.

Finally, Sell's Due Process rights were violated because the Academy uses a completely improper standard at the Executive Board hearings. In fact, the Academy places the burden on the student to demonstrate by a preponderance of the evidence that he/she should not be disenrolled from the Academy.

Accordingly, Sell should be granted summary judgment.

## II. **RELEVANT FACTS**

In or about June 2015, Sell entered the Academy, Class of 2019. See Plaintiff's Local Rule 56.1 Statement ("Plaintiff's Rule 56.1") ¶ 5.

In Plaintiff's third academic year, Plaintiff was accused of cheating on a humanities project. This project was assigned to Sell during his second class sea period. As a result of this charge, the matter was referred to an Honor Review Board to undertake an investigation. Id. ¶¶ 6-7.

As set forth in the Midshipman Honor Manual (the "Honor Manual"), the Honor Review Board can decide to schedule a formal hearing, which permits a jury to vote on the matter; dismiss the matter; or refer the matter to the Commandant for disciplinary action. The Honor Review Board determined that Sell should appear before a formal hearing. The formal hearing was held on September 19, 2018. Id. ¶¶ 8-9.

Sell admitted to the allegations against him and the Honor Board was convened pursuant to Paragraph 304 of the Honor Manual. Paragraph 304(e) of the Honor Manual provides that a midshipman accused of an honor violation has numerous rights. Paragraph 304(h) of the Honor Manual states that the "burden of demonstrating sufficient cause for retention by a preponderance of the evidence is on Midshipman." The rules of the Academy provide that in

4

order for a midshipman's penalty to be disenrollment from the Academy, at least six of the nine jury members must so find. Id. ¶¶ 10-13.

After the formal hearing, the jury voted unanimously (9-0) that Sell should not be separated from the Academy or setback. The jury voted unanimously that Sell should be retained by the Academy and should be required to participate in a remediation program. Id. ¶ 14.

Pursuant to Paragraphs 308 and 309 of the Honor Manual, the Superintendent of the Academy at the time, Superintendent Helis, was tasked with rendering "a final decision regarding the sanctions imposed." Id. ¶ 15.

On the same date that the jury issued its decision, September 25, 2018, the Regimental Honor Board, via Commandant Stroud wrote a letter to Superintendent Helis stating that the Honor Staff disagrees with the determination by the jury that the Academy "retain MIDN Sell and recommended he participate in the 120-day remediation program." The Honor Staff argued in its letter that the penalty imposed by the jury was not severe enough and that Sell should be setback to the class of 2020. The Honor Staff stated in its letter that it "does not recommend disenrollment." Id. ¶¶ 16-17.

On September 28, 2018, Honor Advisor Stephen J. McDade, via Stroud, wrote an Honor Advisor Recommendation to Superintendent Helis. In the letter, McDade recommended that Sell be disenrolled from the Academy. In support of his position, McDade emphasized Sell's academic problems, claiming that "Sell's current transcript has 7 F's and 3 D's." Id. ¶¶ 18-20.

On October 11, 2018, Superintendent Helis provided his decision to Sell (the "Superintendent's Decision"). Superintendent Helis affirmed the findings of the Honor Board as to Sell's guilt and directed multiple "actions." Significantly, Superintendent Helis did not find a

basis to disenroll Plaintiff. Superintendent Helis determined that Plaintiff should be set back to the Class of 2020. He also required Sell to complete 50 hours of community service. Superintendent Helis required that prior to Plaintiff joining the Class of 2020 that he take and pass a Physical Readiness Test (i.e. a PRT). Finally, Superintendent Helis's decision stated that if the Commandant determined that Plaintiff did not properly remediate (i.e. comply with the terms set forth in the Superintendent's Decision) then in such a situation, Plaintiff "will be referred to an Executive Board or Superintendent's hearing and may be disenrolled from the Academy." Id. ¶¶ 21-25.

The determination by Superintendent Helis advised Plaintiff that he had the right, pursuant to Paragraph 310B of the Honor Manual, to appeal the final determination. Plaintiff acknowledged receipt of the Superintendent's Decision on October 11, 2018. Sell acknowledged his responsibility to abide by the determination. Plaintiff had the right to but did not appeal the determination. Id. ¶¶ 26-27.

Upon information and belief, October 11, 2018 was the last day that Helis served as Superintendent at the Academy. Id. ¶ 28.

The very next day, the Commandant of Midshipmen, Stroud, made a recommendation for an Executive Board suitability hearing (i.e. the Recommendation), to the new (interim) Superintendent of the Academy, Susan Dunlap. The Recommendation stated that Stroud recommended an Executive Board to determine the suitability of Sell based upon Sell's failures in honor, academics and PRT's. Id. ¶¶ 29-30.

Based upon the Recommendation, the Academy provided Sell with notice on October 18, 2018, that he would have to appear before an Executive Board for a suitability determination pursuant to Section 6.1 of the Regulations. Id. ¶ 31.

While Section 6.1 of the Regulations empowers the Superintendent to convene an Executive Board in response to a recommendation of the Commandant, the Regulations only permit convening a hearing under two limited circumstances: 1) to address a disciplinary offense; or 2) if there is a report by the Commandant's Performance Review Board that "indicates a serious lack of aptitude or suitability of a Midshipman for a career in the merchant marine and the United States Navy Reserve." Id. ¶¶ 32-33.

The Recommendation by Stroud was neither premised upon a disciplinary offense nor was it premised upon a report after a Performance Review Board. In fact, upon information and belief, no Performance Review Board was ever held concerning Sell. Id. ¶¶ 34-36.

While part of the Recommendation was premised upon Sell appearing before an Honor Board, Sell had already been disciplined and punished for his conduct, resulting in the October 11, 2018 Superintendent's Decision. Sell had already accepted the punishment and did not appeal Superintendent Helis's determination. Thus, Sell was punished twice for the same exact conduct. Id. ¶¶ 37-38.

In addition, although the Recommendation was premised upon Plaintiff being placed on deferred graduate status after an Academic Review Board (i.e. an ARB), the Academy was advised that the result of Sell's ARB was "voided" and "superseded" by the October 11, 2018 Superintendent's Decision:

> Good Afternoon [Dean Taha],
> Do you have the letter from the board on the results of [Midshipman] Sell's ARB?
> If so, can you please enclose?
> Thank you.
> V/R,
> Benjamin Wiese
>
> Ben,
> **We voided that letter, as the SUPT's honor letter included and sulersedes[*sic*] the Academic terms.**

7

Dianne [Taha]

Id. ¶ 39 (emphasis added).

Stroud was clearly aware of the fact that the results of Plaintiff's ARB had been voided and superseded inasmuch as he was provided with Dean Taha's email on October 15, 2018. Id. ¶ 40.

Moreover, prior to making his decision, Superintendent Helis was provided with an objection by McDade wherein McDade specifically recommended that Sell be disenrolled from the Academy based upon his academics. Clearly, then, in determining Sell's punishment, Superintendent Helis had already considered Plaintiff's academic record. Id. ¶ 41.

In his Recommendation, Stroud relied upon Sell failing PRT's for the first and the third trimester for the "AY 2016," which was Sell's first academic year. Sell, however, had already fully remediated these failed physical exams. In fact, Plaintiff would not have been permitted to spend a semester at sea in his second academic year, had he not been deemed physically fit. Id. ¶¶ 42-44.

Likewise, with regard to the failure in the first trimester of the 2018 academic year, Plaintiff remediated this failure, which is confirmed by the fact that he spent the second and third trimesters at sea that year. Id. ¶ 45.

Though Stroud's Recommendation references a failed test in the first trimester, academic year 2019, indicating an unexcused absence, in actuality the scores for that test were misplaced by the test proctor, Greg Ilaria ("Ilaria"). On October 10, 2018, Plaintiff sent an email to Ilaria regarding his missing test results and asked Ilaria to advise whether there was an outstanding issue with his test results. Confirming that there was no issue with Plaintiff's test results, Ilaria responded "You are all set." Id ¶ 46.

The Executive Board was thereafter adjourned until November 15, 2018. Sell was advised that at the Executive Board he will "bear the burden of demonstrating sufficient cause for retention by a preponderance of the evidence." The Executive Board discussed the issues in the Recommendation by Stroud, such as Sell's cheating on a project pertaining to humanities; Sell's grades; and Sell's alleged failures of the physical fitness tests. Id. ¶¶ 47-48.

Section 6.6, paragraph 1, of the Regulations provides that at a Suitability Hearing, the "burden for demonstrating sufficient cause for retention by a preponderance of the evidence is on the Midshipman." Upon information and belief, the Executive Board determined that Sell could not sustain his burden and recommended that Plaintiff be disenrolled from the Academy. Id. ¶¶ 49-50.

Superintendent Buono, who had replaced interim Superintendent Susan Dunlap, affirmed the decision by the Executive Board that Sell should be disenrolled from the Academy. Pursuant to Section 6.9 of the Regulations, Sell appealed the determination to the Maritime Administrator. By letter dated March 5, 2019, the Maritime Administrator denied Sell's appeal and upheld the decision by the Superintendent. Id. ¶¶ 51-53.

Plaintiff filed the Complaint in this action on or about May 23, 2019. As set forth in the Complaint, this is an action for declaratory, injunctive and equitable relief based upon Defendants' conduct resulting in Sell's expulsion/disenrollment from the Academy in violation of the Academy's own rules and procedures and the Due Process clause of the Fifth Amendment. The Complaint contains three causes of action. The first Count in the Complaint seeks relief pursuant to the APA. The second and third Counts in the Complaint seek relief for Due Process violations. Id. ¶¶ 1-4.

## III.  ARGUMENT

### A.    Sell is Entitled to Relief Pursuant to the APA

A claim pursuant to the APA is appropriate for early disposition in an action because in reviewing a claim pursuant to the APA, the District Court, in effect, sits as an appellate tribunal. Thus, courts have held that an APA claim can be determined by the District Court irrespective of if the claim is placed before the Court by motion for judgment on the pleadings or for summary judgment.  See, e.g., Anania v. United States, CV 16-3542(SJF), 2018 U.S. Dist. LEXIS 5961, at *14 (E.D.N.Y. Jan. 12, 2018) ("although cases involving review of agency decisions pursuant to the APA, which 'present only a question of law,' 'are frequently disposed of on cross-motions for summary judgment,' the procedural vehicle being utilized to present the question for the court's review is largely academic.") (citations omitted); Greene v. Carson, 2017 U.S. Dist. LEXIS 91737, at *23 (S.D.N.Y. June 14, 2017) ("'[T]he question whether [an agency] acted in an arbitrary and capricious manner is a legal one which the district court can resolve on the agency record regardless of whether it is presented in the context of a motion for judgment on the pleadings or in a motion for summary judgment'"); Storms v. United States, 2017 U.S. Dist. LEXIS 95149, at *18 (E.D.N.Y. June 20, 2017) ("a summary judgment determination is 'generally appropriate' in APA cases because 'the question [of] whether an agency's decision is arbitrary and capricious . . . is a legal issue amenable to summary disposition.'"); Association of Proprietary Colleges v. Duncan, 107 F. Supp. 3d 332, 344 (S.D.N.Y. 2015) ("Where, as here, 'a party seeks review of agency action under the APA, the district judge sits as an appellate tribunal,' and '[t]he entire case on review is a question of law.'  And while the usual summary judgment standard under Federal Rule of Civil Procedure 56 does not apply in such cases, summary judgment nonetheless is 'generally appropriate,' as '[t]he question whether an agency's

decision is arbitrary and capricious . . . is a legal issue amenable to summary disposition.' Indeed, 'district courts reviewing agency action under the APA's arbitrary and capricious standard do not resolve factual issues.' Instead, they address legal questions in deciding whether the agency acted arbitrarily, capriciously or in some other way that violates 5 U.S.C. § 706.").

As set forth below, since a review of the Administrative Record demonstrates that Defendants violated the APA and/or violated Sell's Due Process rights, the determination by the Academy to disenroll Sell should be vacated.

**B.     Defendants' Conduct is Violative of the APA**

When an agency, such as the Academy, has certain procedures and regulations, it must follow the procedures and regulations. The failure to do so is arbitrary and capricious action in violation of the APA. Moreover, courts have overturned decisions by agencies pursuant to the APA when it is demonstrated that the decision was not the product of reasoned decision making.

Lightsey v. King, 567 F. Supp. 645 (E.D.N.Y. 1983), is highly instructive. In Lightsey, the plaintiff, a midshipman at the Academy, commenced an action seeking declaratory and injunctive relief under the APA because the Academy refused to change his grade on a test. Initially, in addressing the issue, the court explained that since at issue was a disciplinary decision of the Academy that the plaintiff was entitled to an increased level of Due Process protection than if the matter was solely an academic matter, stating:  "This is a disciplinary matter, rather than an academic one, a distinction of great significance.   The Constitution imposes more stringent procedural requirements in cases of disciplinary sanctions."  567 F. Supp. at 648.  The court held that Lightsey was entitled to relief under the APA because the Academy failed to follow its own procedures. The court explained that when an agency, such as the Academy, has certain procedures and regulations, that it must follow the procedures and

regulations and that the failure to do so is arbitrary and capricious action in violation of the APA. The court held that the score on Lightsey's test should be corrected. 567 F. Supp. at 649-50.

In Blassingame v. Secretary of the Navy, 866 F.2d 556, 560 (2d Cir. 1989), the Second Circuit explained that an agency must strictly follow its own, rules, regulations and procedures. The court also noted that while the review of an agency decision is narrow, that the review should still be plenary and searching. The court held that the Navy failed to follow its own procedures and thus, its conduct was arbitrary and capricious and in violation of the APA. 866 F.2d at 557-60.

In Stainback v. Mabus, 671 F. Supp. 2d 126 (D.C. Dist. 2009), the plaintiff filed an action under the APA seeking to overturn the decision of the Academic Board to disenroll him from the Naval Academy. The Academic Board recommended disenrolling the plaintiff shortly before his graduation. In addressing the issue, the court found it most significant that the plaintiff was not provided a full and fair opportunity to respond to the evidence upon which the Board relied. The court held that since the Board violated its own regulations that its determination was procedurally flawed and thus, violative of the APA. 671 F. Supp. 2d at 128-31.

In Guertin v. United States, 743 F.3d 382 (2d Cir. 2014), the plaintiff commenced an action pursuant to the APA claiming that the agency, the United States Department of Housing and Urban Development ("HUD"), acted improperly in refusing to authorize reimbursement of defense costs. The Second Circuit explained that pursuant to the APA, a court can set aside an agency decision if the decision is arbitrary, capricious, an abuse of discretion or not in accordance with the law. In addition, an agency's decision can be set aside if there was a clear error in judgment. To support the agency's determination, there must be a showing that the determination was based upon an examination of the relevant facts and that the agency articulated a satisfactory explanation for its

determination.  743 F.3d at 385-86.  The Second Circuit overturned HUD's determination, finding that HUD acted arbitrarily or capriciously in denying reimbursement.  743 F.3d at 388.

Cooper v. Caldera, 96 F. Supp. 2d 1160 (D. Kan. 2000) is also instructive.  In Cooper, the plaintiff commenced an action pursuant to the APA claiming that the Army Board of Correction of Military Records ("ABCMR") acted arbitrarily and capriciously in refusing to correct her military records.  Most notably, the court explained that if the plaintiff could demonstrate that the defendants failed to consider all relevant evidence when it decided to disenroll the plaintiff from the noncommissioned officer course program, that this "would support plaintiff's argument that the decision was arbitrary and capricious."  The court held that the plaintiff was entitled to discovery as to the issue of what evidence the ABCMR considered.  96 F. Supp. 2d at 1166-67.  See also Evangelical Lutheran Church v. INS, 288 F. Supp. 2d 32, 47-48 (D.C. 2003) (refusing to uphold the decision by the INS because the INS failed to demonstrate that its decision "'was the product of reasoned decision making'"); Greene, 2017 U.S. Dist. LEXIS 91737, at *23-*43 (explaining that a court should overturn a decision pursuant to the APA when the agency fails to provide a rational explanation for its decision and that it "'is for the Court to determine whether the agency has 'considered the pertinent evidence, examined the relevant factors, and articulated a satisfactory explanation for its action!'"); Brezler v. Mills, 220 F. Supp. 3d 303, 326-34 (E.D.N.Y. 2016) (holding that the Navy's failure to provide the plaintiff with full access to relevant records violated the Navy's own rules and was violative of the APA); Cowles v. McHugh, 2014 U.S. Dist. LEXIS 138927, at *1-*4 (D. Conn. Sept. 30, 2014) (vacating and remanding the matter to the government agency based upon a finding of an APA violation).

The "record below" in this matter shows that the disenrollment of Sell from the Academy was in violation of the Academy's own rules and regulations.

More particularly, after Sell had already received a specific punishment as a result of the Superintendent's Decision after the Honor Board, Sell was then required to appear for an Executive Board, which board disenrolled him.  Sell's notice to appear before the Executive Board states that Sell was directed to appear "before an Executive Board for a suitability determination pursuant to Section 6.1 of the Regulations."  While Section 6.1 of the Regulations empowers the Superintendent to convene an Executive Board in response to a recommendation of the Commandant, the Regulations only permit convening a hearing under two limited circumstances:  1) to address a disciplinary offense; or 2) if there is a report by the Commandant's Performance Review Board that "indicates a serious lack of aptitude or suitability of a Midshipman for a career in the merchant marine and the United States Navy Reserve."  Significantly, the requirement that Sell appear before the Executive Board was neither premised upon a disciplinary offense nor was it premised upon a report after a Performance Review Board.  In fact, upon information and belief, no Performance Review Board was ever held concerning Sell.  Moreover, Stroud's Recommendation references Sell's honor, academics and physical fitness, none of which are disciplinary issues.  See Plaintiff's Rule 56.1 ¶¶ 21, 29-35.

Thus, requiring Sell to appear before the Executive Board was in violation of the Academy's own rules and regulations.

In addition, the Academy's conduct in requiring Sell to appear before an Executive Board was undeniably improper in light of the fact that Sell had already appeared before an Honor Board relating to his cheating.  The Honor Board voted unanimously not to disenroll, which was affirmed by Superintendent Helis.  Yet, the Academy relied upon the same exact conduct as a basis to then disenroll Sell.  And, the Superintendent's Decision makes clear that Sell's cheating

could not be used as a basis for an Executive Board unless Sell failed to comply with the terms of the Decision.  Defendants, however, referred Sell to an Executive Board and disenrolled him without ever providing Sell with a chance to abide by the terms of the Superintendent's Decision.  In fact, Stroud made the Recommendation the day after the Superintendent's Decision.  See Plaintiff's Rule 56.1 ¶¶ 14, 22-25, 29-30, 37-38, 48, 50.

Given that the Academy had a procedure in place whereby students accused of cheating would appear before an Honor Board and then be adjudicated by the Honor Board -- which is exactly what happened with Sell -- Defendants' actions in then punishing Sell via an Executive Board for the same exact conduct was clearly violative of the APA.

The evidence in this matter also demonstrates that the Academy's decision to disenroll Sell was arbitrary and capricious and/or not the product of reasoned decision making.  The three key grounds for the disenrollment of Plaintiff was his honor,[1] academics and physical fitness.  See Plaintiff's Rule 56.1 ¶¶ 30, 48.

With regard to Sell's academics, while the Academy held an Executive Board premised upon Plaintiff being placed on deferred graduate status after an Academic Review Board (i.e. an ARB), most significantly, the Academy was advised that the result of Sell's ARB was "voided" and "superseded" by the Superintendent's Decision:

> Good Afternoon [Dean Taha],
> Do you have the letter from the board on the results of [Midshipman] Sell's ARB?
> If so, can you please enclose?
> Thank you.
> V/R,
> Benjamin Wiese
>
> Ben,
> We voided that letter, as the SUPT's honor letter included and sulersedes[sic] the Academic terms.

[1] With regard to the honor issue, as already discussed immediately above, the Academy's reliance on Sell's cheating as a basis to disenroll him was clearly improper.

15

Dianne [Taha]

<u>See</u> Plaintiff's Rule 56.1 ¶ 39 (emphasis added).  Moreover, prior to making his determination, Superintendent Helis was provided with an objection by McDade wherein McDade specifically recommended that Sell be disenrolled from the Academy based upon his academics.  Clearly, then, in determining Sell's punishment, Superintendent Helis had already considered Plaintiff's academic record. <u>See</u> Plaintiff's Rule 56.1 ¶¶ 18-20, 41.  Therefore, it was undeniably improper for the Academy to rely upon Sell's prior academic issues as a basis to disenroll him.

With regard to the other ground for disenrollment, Plaintiff's physical fitness, once again Defendants' conduct was arbitrary and capricious and/or not the product of reasoned decision making.   In fact, while the Academy relied upon Sell's failures of two tests in Sell's first academic year, the Academy failed to recognize that Sell remediated the failed physical exams. Sell also remediated the failed physical in the first trimester of the 2018 academic year.  <u>See</u> Plaintiff's Rule 56.1 ¶¶ 42-45.  And, the Academy's belief that Sell failed the physical in the first trimester, academic year 2019, was belied by the actual facts.  <u>See</u> Plaintiff's Rule 56.1 ¶ 46.

Accordingly, the Academy's decision to disenroll Sell should be vacated.

**C.    Defendants Violated Sell's**
**Due Process Rights**

**1.    Procedural Due Process**

Similar to the analysis pursuant to the APA, it is well settled that the Academy must follow its own rules and regulations prior to disenrolling a student.  The failure to abide by its own rules and regulations constitutes conduct that is a Due Process procedural violation.

For example, in <u>Oladokun v. Ryan</u>, 2010 U.S. Dist. LEXIS 1033814, at *11-*12, 2010 WL 3910578 (S.D.N.Y. Sept. 30, 2010) the plaintiff alleged a due process claim based upon the defendants disenrolling him from SUNY Maritime.   In denying the defendants' motion for

16

summary judgment, and in granting summary judgment to the plaintiff, the court found it most significant that the defendants did not have an evidentiary basis to disenroll the plaintiff. The court explained that the school's commandant, Smith, failed to perform a substantive evidentiary review of the claims against the plaintiff, and instead, merely concurred with the recommendation to disenroll the plaintiff. 2010 U.S. Dist. LEXIS 1033814, at *22-*30. See also Crowley v. United States Merchant Marine Academy, 985 F. Supp. 292, 297-99 (E.D.N.Y. 1997) ("'The power of the District Court to review procedures used at our service academies in the separation or dismissal of cadets and midshipmen is clear. . . . Courts have held that . . . midshipmen must be accorded due process before separation [from the Academy].'"); Lightsey, 567 F. Supp. at 648-50 (holding that the Merchant Marine Academy's failure to follow its own regulations constituted arbitrary and capricious conduct, which was violative of the plaintiff's Due Process rights); Blassingame, 866 F.2d at 560 ("It is axiomatic that an agency of the government must scrupulously observe its own rules, regulations, and procedures."); Birdwell v. Schlesinger, 403 F. Supp. 710, 717 (D. Col. Nov. 14, 1975) (explaining that the student was entitled to "an adequate hearing" before he was finally disenrolled).

As explained in detail above, for multiple reasons the undisputed facts show that Plaintiff's Due Process rights were violated. Indeed, Sell was disenrolled for failing PRT's, his grades and cheating, even though: 1) requiring Sell to appear before the Executive Board was in violation of the Academy's own rules and regulations; 2) the Academy's conduct in requiring Sell to appear before an Executive Board was undeniably improper in light of the fact that Sell had already appeared before an Honor Board relating to his cheating and the Honor Board voted unanimously not to disenroll, which was affirmed by Superintendent Helis; 3) the Executive Board's reliance upon Sell's grades was completely improper given that the punishment for

Sell's grades was already part and parcel of the Superintendent's Decision; and 4) Sell had already remediated any failed PRT's and the Academy's belief that Sell failed the physical in the first trimester, academic year 2019, was belied by the actual facts.  See Plaintiff's Rule 56.1 ¶¶ 14, 22, 30-48.

In addition, Sell's Due Process rights were violated given that pursuant to the Academy's rules, the Academy places the burden on the student at the Executive Board to demonstrate that the student should be retained by the Academy.  See Plaintiff's Rule 56.1 ¶¶ 47, 49.  As cases addressing this issue have held, however, in order to suspend a student, the burden is on the school to demonstrate that there is substantial evidence for the suspension.  Thus, the Academy's policy -- which places the burden on the student to demonstrate that he/she should not be disciplined, as opposed to the Academy having the burden to demonstrate that there is a basis to discipline the student -- on its face violated Sell's Due Process.

For example, in Rubino v. Saddlemire, 2007 U.S. Dist. LEXIS 14893, 2007 WL 685183 (D. Conn. March 1, 2007), the plaintiff was suspended two years from college after a disciplinary hearing.  The plaintiff filed a lawsuit claiming that the suspension violated his Due Process rights.  In addressing the issue, the court noted that given that the penalty, a two-year suspension, was severe that the plaintiff was entitled to more procedural protections than if the penalty was a short suspension.  The court stated that in order to comport with proper Due Process, the school's decision to discipline a student "must be supported by substantial evidence."  The court concluded that there was a question of fact as to whether the student was afforded appropriate Due Process.  2007 U.S. Dist. LEXIS 14893, at *25-*31.  See also Doe v. Cummins, 662 Fed Appx. 437, 449 (6th Cir. 2016) (noting that under Supreme Court precedent "placing the burden of proof on the [students] may have proven constitutionally suspect due to

18

the potentially detrimental effect on the accuracy of the hearing and the minimal burden of an alternate procedure").

Accordingly, Sell is entitled to summary judgment as to Count II in the Complaint.

**2.**    **Substantive Due Process**

In addition, the undisputed evidence demonstrates that Defendants' conduct violated Plaintiff's substantive Due Process rights.  In order to demonstrate a substantive Due Process violation, the plaintiff must show that the action by the government was arbitrary, irrational or motivated by bad faith.  See, e.g., Doe v. United States Merch. Marine Acad., 307 F. Supp. 3d 121, 156 (E.D.N.Y. Apr. 20, 2018) (explaining that to set forth a substantive Due Process violation, "a plaintiff must show the government decision it challenges 'was arbitrary or irrational or motivated by bad faith.'"); DeFabio v. East Hampton Union Free Sch. Dist., 623 F.3d 71, 82 (2d Cir. 2010) ("We will only find error implicating a student's substantive due process rights upon a showing that an administrator's decision to expel the student was 'arbitrary or irrational or motivated by bad faith.'"); Cassidy v. United States, No. 17-cv-4187 (SJF), 2018 U.S. Dist. LEXIS 198733, at *44-*46, 2018 WL 6088146 (E.D.N.Y. Nov. 20, 2018) ("A student's substantive due process rights will only be implicated 'upon a showing that an administrator's decision to expel the student was 'arbitrary or irrational or motivated by bad faith.'"); Rubino, 2007 U.S. Dist. LEXIS 14893, at *31-*34 (finding a question of act as to whether the school's suspension of Rubino was a violation of his substantive Due Process rights).

As set forth in detail above, the undisputed evidence in this matter demonstrates that the decision to disenroll Sell was arbitrary and/or irrational.  Moreover, it was motivated by bad faith.

There is clear evidence that Stroud disagreed with the unanimous decision of the Honor Board to not recommend disenrollment of Sell given that Honor Advisor Stephen J. McDade, via Stroud, wrote a letter to Superintendent Helis recommending that Sell be disenrolled from the Academy. Superintendent Helis, however, did not find a basis to disenroll Plaintiff. Notably, Superintendent's Helis's Decision was issued on October 11, 2018, which was the last day that he served as Superintendent of the Academy. See Plaintiff's Rule 56.1 ¶¶ 14-15, 18-28.

The very next day, October 12, 2018, Stroud made the Recommendation to hold an Executive Board. Stroud's Recommendation was predicated upon Section 6.1 of the Regulations, even though he had to have known that the Section was inapplicable given that the Recommendation was not based upon a disciplinary offense or after a Performance Review Board. See Plaintiff's Rule 56.1 ¶¶ 29-36.

Stroud also based his Recommendation upon Plaintiff being placed on deferred graduate status due to his grades after an ARB, even though Stroud was well aware that the results of Sell's ARB had been voided and superseded by the Superintendent's Decision. See Plaintiff's Rule 56.1 ¶¶ 37-41. And, Stroud improperly relied upon Plaintiff's alleged failures of PRT's, even though Stroud must have been aware that Sell remediated any such failures and did not fail the PRT in the first trimester, academic year 2019. See Plaintiff's Rule 56.1 ¶¶ 42-46.

Accordingly, Sell is entitled to summary judgment as to Count III in the Complaint.

**D.    Sell Should be Entitled to Discovery if the Court Finds Any Questions of Fact**

While by way of this motion, Plaintiff seeks summary judgment as to his Complaint, should the Court find any questions of fact, Plaintiff should be provided with the opportunity to conduct discovery.

As the Supreme Court noted in Citizens to Preserve Overton Park, Inc. v. Volpe, 401

U.S. 402 (1971), when there are questions of fact in the administrative record, a court is fully empowered to permit the plaintiff to examine "the administrative officials who participated in the decision to give testimony explaining their action." 401 U.S. at 420.

In addition, Sell has asserted Due Process claims, which undeniably provide for discovery.  See, e.g., Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis., 804 F.3d 178, 185 (2d Cir. 2015) (Second Circuit referencing that discovery was completed prior to the defendants moving for summary judgment); see also Oladokun v. Ryan, 06 Civ. 2330(KMW), 2009 U.S. Dist. LEXIS 29112, at *15, 2009 WL 857460 (S.D.N.Y. March 31, 2009) (in a case premised upon a claim that the plaintiff was disenrolled from SUNY Maritime in violation of his Due Process rights, the court held that the defendant's motion for summary judgment was a premature and should be filed "after the conclusion of discovery.").  In fact, in another matter handled by my office against Defendants, Hearn v. United States, 17 CV 3703(ADS)(SIL), 2018 U.S. Dist. LEXIS 63738 (E.D.N.Y. Apr. 16, 2018), the Court permitted discovery as to Hearn's claims pertaining to his disenrollment from the Academy.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court grant his motion for summary judgment and award him such other and further relief as the Court deems appropriate.

Dated:  November 27, 2019

Respectfully submitted,

HOGAN & CASSELL, LLP
Attorneys for Plaintiff, Benjamin Sell

By:

Michael Cassell
500 North Broadway, Suite 153
Jericho, New York 11753
(516) 942-4700

21