UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BENJAMIN SELL,

    Plaintiff,

    against-

UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF TRANSPORTATION. UNITED STATES MERCHANT MARINE ACADEMY and JOHN DOES 1-10,

    Defendants.

Case No.  CV-19-3105 (RJD)(RER)

# MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

RICHARD P. DONOGHUE
United States Attorney
Eastern District of New York
Attorney for Defendants
610 Federal Plaza
Central Islip, New York 11722

Diane C. Leonardo
  Assistant U.S. Attorney
   (Of Counsel)

# **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ..................................................................................................ii

**PRELIMINARY STATEMENT** ............................................................................................1

**ARGUMENT** ..........................................................................................................................3

**POINT I** ...................................................................................................................................3

**LOCAL RULE 56.1 STATEMENTS ARE NOT
PART OF THE COURT'S REVIEW UNDER
THE ADMINISTRATIVE PROCEDURE ACT** ..................................................................3

**POINT II** ..................................................................................................................................4

**THE ACADEMY'S DECISION TO DISENROLL
PLAINTIFF WAS LAWFUL UNDER THE APA** ................................................................4

    A.   The Disenrollment Decision Was Not
         Arbitrary and Capricious ...........................................................................................5
    B.   The Academy is Entitled to Deference in
         Implementing its Regulations ...................................................................................8

**POINT III** .................................................................................................................................9

**THE ACADEMY DID NOT VIOLATE PROCEDURAL OR
SUBSTANTIVE DUE PROCESS IN DISENROLLING PLAINTIFF** .................................9

    A.   Procedural Due Process ..............................................................................................9
    B.   The Academy Did Not Shift the
         Burden of Proof to Plaintiff .....................................................................................11
    C.   Substantive Due Process ..........................................................................................12

**CONCLUSION** .....................................................................................................................14

## TABLE OF AUTHORITIES

Andrews v. Knowlton, 509 F.2d 898 (2d Cir. 1975) .......................................................... 5, 9, 12

Blassingame v. Secretary of Navy, 866 F.2d 556 ..................................................................... 7

Brezler v. Mills, 220 F. Supp. 3d 303 (E.D.N.Y. 2016) ............................................................. 7

Brodsky v. U.S. Nuclear Regulatory Com'n, 704 F.3d 113 (2d Cir. 2013) ................................ 3

C.T. v. Valley Stream Union Free Sch. Dist., 201 F. Supp. 3d 307 (E.D.N.Y. 2016) ................ 13

Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984) .............. 8

Cooper v. Caldera, 96 F. Supp. 2d 1160 ................................................................................. 7

Couer Alaska, Inc. v. Southeast Alaska Conservation Council, 557 U.S. 261 (2009) ................. 9

DeFabio v. East Hampton Union Free School Dist., 623 F.3d 71 (2d Cir. 2010) ..................... 12

Doe v. Cummins, 662 Fed. Appx. 437 (6th Cir. 2016) ........................................................... 11

Doe v. United States Merch. Marine Acad., 307 F. Supp. 3d 121 (E.D.N.Y. 2018) ...... 4, 9, 10, 12

Doolen v. Esper, 2018 U.S. Dist. LEXIS 153994 (SDNY September 10, 2018) ......................... 6

Horton v. Westling, 2018 WL 922190 (N.D.N.Y. Feb. 15, 2018) .............................................. 13

Just Bagels Mfg., Inc. v. Mayorkas, 900 F. Supp. 2d 363 ........................................................ 3

Lavine v. Milne, 424 U.S. 577 (1976) ................................................................................... 12

Lightsley v. King, 567 F. Supp. 645 (E.D.N.Y. 1983). ............................................................. 5

Patrick v. Success Acad. Charter Schs., Inc., 354 F. Supp. 3d 185 (EDNY 2018) ................ 10, 13

Pena v. DePrisco, 432 F.3d 98 (2d Cir. 2005) ....................................................................... 13

Student X v. New York City Dep't of Educ., 2008 WL 4890440 (E.D.N.Y. Oct. 30, 2008) ......... 3

Tully v. Orr, 608 F. Supp. 1222 (E.D.N.Y. 1985) .................................................................... 7

Wasson v. Trowbridge, 382 F.2d 807 (2d Cir. 1967) ........................................................ 5, 9, 12

## **STATUTES**

5 U.S.C. § 706(2)(A) ............................................................................................................ 5
46 U.S.C. § 51301 ............................................................................................................... 4
46 U.S.C. § 51318 ............................................................................................................... 4

## **REGULATIONS**

46 C.F.R. § 310.56 .............................................................................................................. 6
46 C.F.R. § 310.67 ........................................................................................................... 4, 8
46 C.F.R. § 310.65(b)(1) ..................................................................................................... 2
49 C.F.R. § 1.93 .................................................................................................................. 4

## PRELIMINARY STATEMENT

Defendants United States of America, United Stated Department of Transportation, and the United States Merchant Marine Academy ("Academy" or "USMMA")(collectively, "Defendants) respectfully submit this memorandum of law in further support of their motion for summary judgment and in opposition to Plaintiff Benjamin Sell's ("Plaintiff") motion for summary judgment.

In sum and substance, Plaintiff maintains that the Academy could not recommend his overall record for a suitability hearing before an Executive Board ("E Board")[1] because the Academy did not follow its own procedures for referring midshipman, such as Plaintiff, for a hearing. See Plaintiff's Memorandum of Law in Support of Summary Judgment, dated November 27, 2019 ("Pl. Mem."), at pp. 2-3. Next, Plaintiff asserts that he could not be disciplined for the same conduct, namely deficient academics, admitted plagiarism and failed physical readiness tests, more than once. Id. at p. 3. He also claims that he could only be referred for an E Board hearing if he did not comply with the penalty imposed after the Honor Board. Id. Plaintiff also maintains that he could not be disenrolled based on failed physical readiness tests that he remediated. Id. Finally, Plaintiff claims that the Academy improperly shifted the burden of proof to him at the E Board hearing. None of Plaintiff's arguments have merit.

The Academy is "required by the U.S. Department of Transportation, Maritime Administration as directed by the Merchant Marine Education and Training Act of 1980 to have formal rules governing the operation of the Regiment." AR 213. The Regiment consists of a

---

[1] The Academy's procedures allow for either an Executive Board hearing or a Superintendent's hearing to determine a midshipman's suitability to remain at the Academy. AR 283. Here, Plaintiff appeared before an Executive Board.

1

"select group of women and men who were chosen to serve the national security, marine transportation and economic needs of the United States as licensed Merchant Marine Officers and commissioned officers in the Armed Forces." Id. "Midshipman are expected to maintain the highest standards of self-discipline and to enforce the standards of conduct outlined in [the Midshipman] Regulations." Id. The Midshipman Regulations specifically provide for the review of a midshipman's overall performance and the "aptitude or suitability needed of a Midshipman for a career in the merchant marine and the United States Naval Reserve."[2] AR 283.

In or about and between July 2018 and October 2018, Plaintiff's record and conduct at the Academy were the subject of three separate hearings. First, the USMMA's Academic Review Board ("ARB") reviewed Plaintiff's academic record for disenrollment because he failed three classes during his second year. Second, he was the subject of an Honor Board hearing for having admitted to plagiarizing two papers. Finally, the Academy convened an Executive Board hearing ("E Board" or "suitability hearing") to determine Plaintiffs' overall suitability to remain at the Academy based upon his substandard academic record, admitted plagiarism, and for failing to meet the physical fitness standards.

It is undisputed that the Academy provided notice to Plaintiff of a suitability hearing to determine his overall suitability to remain at the Academy and he was given the opportunity to be heard at the hearing. Procedural due process does not require any more. Further, the decision to disenroll Plaintiff was not arbitrary and capricious, or in bad faith within the meaning of the Administrative Procedures Act ("APA"). Rather, the decision to disenroll Plaintiff was based

---

[2] Upon graduation, a midshipman may be commissioned as an officer in the United States Navy or the United States Coast Guard. See 46 CFR § 310.65(b)(1).

upon his years of numerous academic failures, his admitted plagiarism of two papers, and his numerous failures of his physical fitness tests.

## ARGUMENT

### POINT I

**LOCAL RULE 56. 1 STATEMENTS ARE NOT PART OF THE COURT'S REVIEW UNDER THE ADMINISTRATIVE PROCEDURE ACT**

Under the APA administrative record review rubric, Plaintiff's contentions as to what "facts" may or may not be in dispute are not an appropriate consideration for the Court. The question presented to the Court for decision is whether, based upon the administrative record before it, the action by the Academy to disenroll Plaintiff was "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." Brodsky v. U.S. Nuclear Regulatory Com'n, 704 F.3d 113, 119 (2d Cir. 2013) (citation omitted); Just Bagels Mfg., Inc. v. Mayorkas, 900 F. Supp. 2d 363, 372, at n. 7 (S.D.N.Y. 2012) (citations omitted); Student X v. New York City Dep't of Educ., 2008 WL 4890440, at *11 (E.D.N.Y. Oct. 30, 2008) ("Though the parties may call the procedure a motion for summary judgment . . . the procedure is in substance an appeal from an administrative determination, not a summary judgment . . . . [T]he 56.1 Statement will not aid the court in its independent review of the [administrative] record . . . .") (Garaufis, J.); Glara Fashion, Inc. v. Holder, 2012 U.S. Dist. LEXIS 13660, at *2, at n. 1 (S.D.N.Y. Feb. 3, 2012)("No Rule 56.1 Statement was required to be submitted by the parties."); see also Friends of Animals v. Fellner et al., No. 16 CV-6006, Docket Entry No. 49, p. 2, n. 1 (E.D.N.Y. July 24, 2018) (Feuerstein, J.). Notwithstanding the inapplicability of Local Rule 56.1 statements in an APA context, in an abundance of caution, the parties exchanged Local Rule 56.1 statements, however, the Court's determination should be based on the administrative record.

# POINT II

## THE ACADEMY'S DECISION TO DISENROLL PLAINTIFF WAS LAWFUL UNDER THE APA

As discussed more fully in Defendants' Memorandum of Law in Support of Summary Judgment, dated November 27, 2019 ("Deft. Mem."), the Secretary of the Department of Transportation (the "Secretary") is authorized by statute to maintain the USMMA to provide instruction to individuals to prepare them for service in the Merchant Marine of the United States. 46 U.S.C. § 51301. The Secretary has delegated to the MARAD Administrator "authority to [c]arry out the functions and exercise the authorities vested in the Secretary under Subtitle V of title 46, United States Code." 49 C.F.R. § 1.93. The MARAD Administrator has in turn delegated the direction and supervision of the USMMA to the Superintendent of the Academy. Maritime Administrative Order ("MAO") 150-1. The operation and maintenance of the USMMA is governed by 46 U.S.C. § 51301, et seq., and the regulations promulgated thereunder. See 46 C.F.R., Chapter II, Subpart C. In addition, the Superintendent "is delegated authority to issue all regulations necessary for the accomplishment of the Academy's mission." 46 C.F.R. § 310.67.

As such, the Academy is entitled to deference in the implementation of its rules and regulations. Indeed, this court has previously found that the Academy is "entitled to deference with regard to their policies, which were enacted in accordance with 46 U.S.C. § 51318 and other regulatory authority governing the Academy's operations." Doe v. United States Merch. Marine Acad., 307 F. Supp. 3d 121, 144 (E.D.N.Y. 2018). In addition, "…courts are highly deferential in determining whether agency action was arbitrary and capricious; they are to examine the relevant data and articulate a satisfactory explanation for the action, but still conduct a narrow review, rather than substitute their judgment." Id. at p. 147.

A.     **The Disenrollment Decision Was Not Arbitrary and Capricious**

In an action under the APA, the reviewing court must uphold the agency's action unless it finds it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2)(A)). "Generally, however, determinations regarding a student's academic performance are entitled to great deference and are rarely found to be arbitrary, as such determinations require the special expertise of educators and play an important role in preserving the integrity of the credentials conferred by the educational institution." Keles v. New York Univ., 1994 U.S. Dist. LEXIS 4202, at *20-*22 (S.D.N.Y. Apr. 6, 1994)(internal citations omitted). See also Lightsey, 567 F. Supp. at 647 ("This Court has great respect for the academic standards of the Merchant Marine Academy and the limits of a federal court. As regards any educational institution, the Court is in full agreement with those cases refusing to upset decisions of school administrations relating to such delicate areas as the eligibility of applicants and the determination of marking standards, absent a showing of arbitrary, capricious or bad faith conduct."); Wasson v. Trowbridge, 382 F.2d 807, 812 (2d Cir. 1967)("Few decisions properly rest so exclusively within the discretion of the appropriate government officials [as] the selection training, discipline and dismissal of the future officers of the military and Merchant Marine.") see also Andrews v. Knowlton, 509 F.2d 898, 904 (2d Cir. 1975) (discussing the deference to military proceedings in light of the "constitutional permissibility of the military to set and enforce uncommonly high standards of conduct and ethics").

Plaintiff claims that because the Academy violated its own procedures, its decision to disenroll Plaintiff was arbitrary and capricious. Pl. Mem. at p. 11. In support of this argument, Plaintiff erroneously relies upon Lightsley v. King, 567 F. Supp. 645 (E.D.N.Y. 1983). In Lightsley, a midshipman at the Academy was accused of cheating on a test and given a "zero"

5

grade for the class. After a hearing before the Honor Board, he was found not guilty of cheating, but the Academy did not change his grade. The court held that, "[t]here is no difference between failing to provide a due process hearing and providing one but ignoring the outcome. By holding the Honor Board hearing and then disregarding its result, the Academy has violated Lightsey's right to due process." Id. at 649. The court further held that when "the Honor Board found Lightsey 'not guilty,' the Academy was bound by its regulations to respect that verdict. The Academy's failure to do so constitutes arbitrary and capricious agency action." Id. at 650.

Here, the facts are markedly different. Plaintiff admitted to plagiarizing two papers, thus there was no question about his guilt. AR 63-64. In addition, Plaintiff repeatedly struggled academically at the Academy, having earned 7 "F" grades and 3 "D" grades. AR 12-13. He also failed the physical readiness test on three out of six occasions, a continuing requirement that applies "through graduation from the Academy…[and] failure to meet the standards while attending the Academy is grounds for, and may lead to disenrollment." AR 6-8; 46 C.F.R. § 310.56 (a)(2).[3]

The Midshipman Regulations specifically provide for review of a midshipman's entire performance to consider if the midshipman has the "aptitude or suitability needed of a Midshipman for a career in the merchant marine and the United States Navy Reserve." AR 283.

Reviewing Plaintiff's entire performance in considering his suitability and aptitude to remain at the Academy is not arbitrary or capricious. See Doolen v. Esper, 2018 U.S. Dist. LEXIS 153994, *44, 2018 WL 4300529 (SDNY September 10, 2018)("Giving ample deference to West Point's decisionmaking, the Court concludes it was neither arbitrary nor capricious to

---

[3] Upon enrollment at the USMMA, a midshipman executes a Service Obligation Contract and becomes enrolled as a reservist in the United States Navy Reserve. AR163-164.

6

weigh an alleged behavioral turnaround against a well-documented history of rule-breaking and repeated deflections of responsibility."); Tully v. Orr, 608 F. Supp. 1222, 1226 (E.D.N.Y. 1985)("...[W]hen the Academy considers a cadet for disenrollment, his entire conduct record is reviewed, not just that of the most recent six months.").

The additional cases relied upon by Plaintiff in support of his argument that the Academy's conduct was arbitrary and capricious are inapposite. In Blassingame v. Secretary of Navy, 866 F.2d 556, 560, the Marine Corps did not investigate the details of the plaintiff's enlistment, which affected his discharge, as required by the Marine Corps regulations. In Stainback v. Mabus, the court noted that it was "mindful that its scope of review is limited when considering challenges to agency action" however, the court found procedural errors occurred when, inter alia, plaintiff was not given an opportunity to respond to a disenrollment recommendation and the disenrollment hearing minutes were not verified. 671 F. Supp. 2d 126, 135, 138 (D. DC 2009). In Cooper v. Caldera, 96 F. Supp. 2d 1160, 1167, the court concluded that summary judgment was not appropriate because the parties had not had an adequate opportunity for discovery. Finally, in Brezler v. Mills, 220 F. Supp. 3d 303, 307 (E.D.N.Y. 2016) this Court concluded that the Navy violated its own discovery rule by failing to provide plaintiff with records prior to a hearing or at any stage during the administrative review process.

None of these cases are instructive here, as Plaintiff was afforded a hearing in accordance with the Academy's regulations, was given an opportunity to be heard and was provided with all the records that formed the basis for the suitability hearing. AR 26. Specifically, Plaintiff was provided with: the Commandant's recommendation that an E Board be convened; his academic file; his company file; his midshipman profile, his personnel jacket; his Honor case file; his sea year file; and his physical fitness test history. Id.

Plaintiff also suggests that the Academy's decision was not "well-reasoned" because one of the grounds that the E Board relied upon was Plaintiff's placement on deferred graduate status after review by the Academic Review Board ("ARB"). Pl. Mem at p. 15. The ARB was not aware of Plaintiff's Honor Board investigation at the time it recommended that he be placed on deferred graduate status. AR78. The outcome of the Honor Board superseded the ARB's recommendation. AR5. However, Plaintiff's academic record was still the subject of an ARB that recommended deferred graduation based upon his failing grades. Plaintiff does not, and indeed cannot, suggest that his grades were incorrect or that the ARB did not make such a recommendation.

**B.       The Academy Is Entitled to Deference in Implementing its Regulations**

Plaintiff also suggests that because he appeared before the Honor Board with regard to the admitted plagiarism, his appearance before an E Board for the same conduct was "clearly violative of the APA." See Pl. Mem at p. 15. Plaintiff does not cite any support for his misplaced argument that the Academy is prohibited from considering the overall suitability of a midshipman to continue at the Academy. Plaintiff's suggestion is also not consistent with the delegation of authority to the Academy's Superintendent "to issue all regulations necessary for the accomplishment of the Academy's mission." 46 C.F.R. § 310.67. Accordingly, and as discussed more fully in Defendants' Memorandum of Law, dated November 27, 2019, the Academy's interpretation of the policies set forth in its Honor Manual and Midshipman Regulations, including the policies and procedures governing disenrollment of midshipmen, is entitled to judicial deference because they were enacted in accordance with Maritime Administrative Order 150-1 and 46 C.F.R. § 310.67 providing the Superintendent with the explicit authority to govern the Academy. Chevron U.S.A., Inc. v. Natural Resources Defense

8

Council, Inc., 467 U.S. 837 (1984). Courts are bound to accept an agency's interpretation of its governing statute unless that interpretation is "plainly erroneous or inconsistent with the regulation." Couer Alaska, Inc. v. Southeast Alaska Conservation Council, 557 U.S. 261, 278 (2009). Indeed, this Court has previously held that "[a]s agency actions, and even more as actions by the U.S. Merchant Marine Academy, the policies that the Superintendent promulgated and applied at the Hearing were entitled to deference." Doe, 307 F. Supp. 3d at 147.

The E Board evaluated Plaintiff's suitability and recommended disenrollment based upon Plaintiff's: 1) established pattern of failing the physical readiness tests; 2) failure of three sea projects; 3) admitted cheating on the Humanities project; 4) admission that when he focuses on athletics his grades suffer and when he focuses on grades, his athletics suffer; and 5) inability to understand leadership principles. AR 8-9. Based on Plaintiff's uncontroverted record, the decision to disenroll him was not arbitrary or capricious. See Wasson, 382 F.2d at 812 ("Few decisions properly rest so exclusively within the discretion of the appropriate government officials [as] the selection training, discipline and dismissal of the future officers of the military and Merchant Marine.")

## POINT III

### THE ACADEMY DID NOT VIOLATE PROCEDURAL OR SUBSTANTIVE DUE PROCESS IN DISENROLLING PLAINTIFF

A. **Procedural Due Process**

The Second Circuit and this Court have consistently found that the Academy complies with provisions of procedural due process when a plaintiff is "given a fair hearing at which he is apprised of the charges against him and permitted a defense." Wasson v. Trowbridge, 382 F.2d 807, 812 (2d Cir. 1967); Andrews v. Knowlton, 509 F.2d 898, 905 (2d Cir. 1975) ("[B]efore a cadet can properly be dismissed or separated from his service academy, he must have a hearing,

be apprised of the specific charges against him, and be given an adequate opportunity to present his defense both from the point of view of time and the use of witnesses and other evidence. A military proceeding conducted within these bounds of procedural due process would be proper and immune from constitutional infirmity."); Doe v. United States Merch. Marine Acad., 307 F. Supp. 3d 121, 156 (E.D.N.Y. 2018)("As required, plaintiff was given a fair hearing, notice of the charges against him, and the opportunity to defend himself."). Accordingly, Plaintiff cannot show that he was deprived of notice and a hearing, all that due process requires.

Plaintiff's disagreement with the E Board's decision is not a "cognizable basis for a procedural due process claim." Patrick v. Success Acad. Charter Schs., Inc., 354 F. Supp. 3d 185, 203-204 (EDNY 2018)("[P]rocedural due process does not guarantee satisfactory, or even correct, outcomes. It only requires that [plaintiff] have been given notice of the proposed discipline and an opportunity to speak [his or her] piece to the decision-maker prior to the imposition of the punishment.")(internal citations omitted).

Plaintiff's reliance on Oladokun v. Ryan, 2010 U.S. Dist. LEXIS 1033814, at *11-*12 (S.D.N.Y. 2010) is inapposite.  In Oladokun a due process challenge, the court specifically noted that "not every deviation from a state agency's regulations is of constitutional significance" and that "[o]nce the constitutional minima have been satisfied . . . a state agency's non-compliance with promised, yet 'gratuitous procedural protections' does not constitute a due process violation." 2010 U.S. Dist. LEXIS 103381 at *8.  However, the court held that the plaintiff's due process rights were violated because he did not receive notice of the hearing and the defendants' did not have an evidentiary basis for their disenrollment decision.  Id. at *27.

Here, Plaintiff does not, and indeed cannot, claim that he did not receive notice of the hearing or that the E Board failed to rely on his Academy records in making its determination.

The Administrative Record demonstrates that the E Board relied upon Plaintiff's entire Academy record, including, but not limited to his personnel file, his academic transcript, his physical fitness record, and the Honor Board investigative file. AR 8, 26. Accordingly, Plaintiff's procedural due process claim fails because he received notice of the E Board hearing and the Academy's review of Plaintiff's complete record provided a sufficient evidentiary basis for his disenrollment.

**B.    The Academy Did Not Shift the Burden of Proof to Plaintiff**

Plaintiff also maintains that his procedural due process rights were violated because the Academy places the burden on the midshipman to "demonstrate that the student should be retained by the Academy." Pl. Mem at p. 18.

Plaintiff reliance on Rubino v. Saddlemire, 2007 U.S. Dist. LEXIS 14893 (D. Conn. 2007) is hardly instructive. In Rubino, an unreported case from the District of Connecticut, the court did not discuss the burden of proof, but held that there was an issue of fact as to whether there was substantial evidence as to the extent of the plaintiff's involvement in disruptive behavior involving overturning vehicles and "inciting others to participate in the violent disruption" in violation of the school code. Id. at *30. Assuming, arguendo, that Plaintiff is addressing the sufficiency of the evidence, the evidence was more than sufficient to support the Academy's suitability determination. The Administrative Record demonstrates that the Academy relied upon years of Plaintiff's academic deficiencies, repeated physical fitness failures, and admitted plagiarism of not one, but two papers.

In addition, Plaintiff's reliance on Doe v. Cummins, 662 Fed. Appx. 437 (6th Cir. 2016) is likewise unavailing with regard to Plaintiff's argument regarding shifting the burden of proof. In Doe v. Cummins, the court recognized that, "the Supreme Court has concluded that '[o]utside

the criminal law area,' which party bears the burden of proof 'is normally not an issue of federal constitutional moment.'" 662 Fed. Appx. at 449 (citing Lavine v. Milne, 424 U.S. 577, 585 (1976). Here, the E Board conducted a hearing, and based on the Plaintiff's Academy records and the testimony from four individuals, recommended that Plaintiff be disenrolled. AR 8, 26. Plaintiff was given the opportunity to be heard, as due process requires, as to why he should be not be disenrolled.

Moreover, every court that has considered due process challenges specifically considers whether or not a plaintiff has had the opportunity to be heard or to present a defense. See Wasson, 382 F.2d at 812 (2d Cir. 1967); Andrews, 509 F.2d at 905 ("[B]efore a cadet can properly be dismissed or separated from his service academy, he must have a hearing, be apprised of the specific charges against him, and be given an adequate opportunity to present his defense both from the point of view of time and the use of witnesses and other evidence."); Doe v. United States Merch. Marine Acad., 307 F. Supp. 3d at 156 ("As required, plaintiff was given a fair hearing, notice of the charges against him, and the opportunity to defend himself.").

Plaintiff has not cited any authority to support his argument that allowing a student to present a defense improperly shifts the burden. Again, the E Board relied on documentary evidence consisting of Plaintiff's Academy records, as well as testimony to support its decision that based on Plaintiff's overall record he lacked the suitability to remain at the Academy.

C.  **Substantive Due Process**

As discussed more fully in Defendant's Memorandum of Law, dated November 27, 2019, a violation of a student's substantive due process rights will only be implicated "upon a showing that an administrator's decision to expel the student was 'arbitrary or irrational or motivated by bad faith.'" DeFabio v. East Hampton Union Free School Dist., 623 F.3d 71, 82 (2d Cir.

2010)(internal quotations omitted). "In order to establish a violation of a right to substantive due process, a plaintiff must demonstrate not only government action but also that the government action was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" C.T. v. Valley Stream Union Free Sch. Dist., 201 F. Supp. 3d 307, 318–19 (E.D.N.Y. 2016) (citing Pena v. DePrisco, 432 F.3d 98, 112 (2d Cir. 2005)). "[M]erely incorrect" or "ill-advised" conduct is insufficient to state a claim for substantive due process. See Horton v. Westling, 2018 WL 922190, at *6-*7 (N.D.N.Y. Feb. 15, 2018).

Plaintiff claims, in a conclusory manner, that the Academy acted in bad faith through Commandant Mikel Stroud's ("Stroud") decision to refer Plaintiff to an E Board hearing after the Honor Board hearing was completed. See Pl. Mem at p. 19-20. However, Stroud did not take any part in the determination to disenroll Plaintiff. In fact, the E Board was comprised of: Deputy Superintendent Sue Dunlap; Assistant Academic Dean David Pulis; Department of Naval Science Head Brad Hawksworth; Assistant Athletic Director William Fell; and Second Battalion Commander Midshipman Adam Viscovich. AR 8. The E Board voted 5-0 to recommend disenrollment for Plaintiff. Id. Superintendent Jack Buono approved the disenrollment recommendation (AR 9) and upon Plaintiff's appeal to the Administrator of the Maritime Administration, the disenrollment decision was affirmed. AR 10.

Plaintiff does not allege any bias, bad faith or ill will by any of the individuals who actually made the disenrollment decision. In the absence of such allegations, Plaintiff's substantive due process claim fails. See Patrick v. Success Acad. Charter Schs., Inc., 354 F. Supp. 3d 185, 204 (E.D.N.Y. 2018)("Additionally, even if [defendants] had displayed bias, Plaintiffs were able to and did appeal that administrator's decision [suspending plaintiff] to

another adjudicative body. . . and there is no contention that any of the latter individuals was biased against [plaintiff]")(internal citations and quotations omitted).

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that this Court grant their motion for summary judgment and dismiss the Complaint in its entirety with prejudice, and for such other and further relief as this Court deems just and proper.

Dated: Central Islip, New York
      January 3, 2020

                              Respectfully submitted,

                              RICHARD P. DONOGHUE
                              United States Attorney
                              Eastern District of New York
                              Attorney for Defendants
                              610 Federal Plaza, 5th Floor
                              Central Islip, New York 11722

                    By:  /s/Diane C. Leonardo
                              Diane C. Leonardo
                              Assistant U.S. Attorney
                              (631) 715-7854