UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BENJAMIN SELL,

                Plaintiff,                      DEFENDANTS' RESPONSE TO
                                                                            PLAINTIFF'S LOCAL RULE
                                                                          56.1 STATEMENT

      -against-

                                                                          CV-19-3105
                                                                          (RJD)(RER)

UNITED STATES OF AMERICA, UNITED
STATES DEPARTMENT OF TRANSPORTATION,
UNITED STATES MERCHANT MARINE
ACADEMY and JOHN DOES 1-10,

                Defendants.
------------------------------------------------------------x

      Pursuant to Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Rule 56.1 Statement"), defendants, by their attorney, RICHARD P. DONOGHUE, United States Attorney for the Eastern District of New York, Diane C. Leonardo, Assistant United States Attorney, of counsel, submit this response to Plaintiff's Rule 56.1 Statement.

      The instant action is brought under the Administrative Procedure Act ("APA") and also alleges violations of substantive and procedural due process. With regard to the APA claims, the only question presented to the Court for decision is whether, based upon the administrative record before it, the action by the United States Merchant Marine Academy ("USMMA" or "Academy") to disenroll Plaintiff for academic reasons was "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." Brodsky v. U.S. Nuclear Regulatory Com'n, 704 F.3d 113, 119 (2d Cir. 2013) (citation omitted). A Rule 56.1 statement is not

necessary where the determination is based on the administrative record. Just Bagels Mfg., Inc. v. Mayorkas, 900 F. Supp. 2d 363, 372, at n. 7 (S.D.N.Y. 2012) (citations omitted); Student X v. New York City Dep't of Educ., 2008 WL 4890440, at *11 (E.D.N.Y. Oct. 30, 2008) ("Though the parties may call the procedure a motion for summary judgment . . . the procedure is in substance an appeal from an administrative determination, not a summary judgment . . . . [T]he 56.1 Statement will not aid the court in its independent review of the [administrative] record .. . ") (Garaufis, J.); Glara Fashion, Inc. v. Holder, 2012 U.S. Dist. LEXIS 13660, at *2, at n. 1 (S.D.N.Y. Feb. 3, 2012)("No Rule 56.1 Statement was required to be submitted by the parties."). However, in an abundance of caution, defendants submit the following responses:

## GENERAL OBJECTIONS

In addition to being an unnecessary exercise in this case, the Court should reject Plaintiff's Rule 56.1 statement as deficient on the merits. For example, Plaintiff repeatedly fails to cite to facts that would be admissible in evidence at the trial of this matter to support certain of his statements of "uncontroverted material facts", as required by Rules 56(c) and (e) of the Federal Rules of Civil Procedure and Local Civil Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. Thus, Plaintiff's inadmissible statements should be rejected as insufficient to establish a genuine issue of material fact, and Defendants' statements should be deemed undisputed. Finally, to the extent that Plaintiff's statements may be offered as evidence in support of Plaintiff's case-in-chief, the statements should be rejected as inadmissible, because they largely consist of unsupported allegations copied from the complaint, speculation, or legal conclusions, rather than undisputed material facts, as required by Rules 56(c) and (e) and Local Civil Rule 56.1.

1. Plaintiff filed the Complaint in this action on or about May 23, 2019. <u>See</u> <u>generally</u> Complaint (attached hereto without exhibits as Exhibit A).

**Defendants' Response**:

Defendants respectfully refer the Court to the pleading for it complete contents. In addition, Defendants aver that Plaintiff cannot rely on the complaint in support of his motion for summary judgment. Further, this statement is not material to the Court's review of the Administrative Record under the APA and the Academy's decision to disenroll Plaintiff.

2. As set forth in the Complaint, this is an action for declaratory, injunctive and equitable relief based upon Defendants' conduct resulting in Sell's expulsion/disenrollment from the Academy in violation of the Academy's own rules and procedures and the Due Process clause of the Fifth Amendment. <u>See generally</u> Complaint.

**Defendants' Response**:

Defendants respectfully refer the Court to the pleading for it complete contents. In addition, Defendants aver that Plaintiff cannot rely on the complaint in support of his motion for summary judgment. Further, this statement is not material to the Court's review of the Administrative Record under the APA and the Academy's decision to disenroll Plaintiff.

3. The Complaint contains three causes of action. <u>See generally</u> Complaint.

**Defendants' Response**:

Defendants respectfully refer the Court to the pleading for it complete contents. In addition, Defendants aver that Plaintiff cannot rely on the complaint in support of his motion for summary judgment. Further, this statement is not material to the Court's review of the Administrative Record under the APA and the Academy's decision to disenroll Plaintiff.

4. The first Count in the Complaint seeks relief pursuant to the Administrative Procedure Act. The second and third Counts in the Complaint seek relief for Due Process violations. <u>See</u> Complaint ¶¶ 60-85.

**Defendants' Response**:

Defendants respectfully refer the Court to the pleading for it complete contents. In addition, Defendants aver that Plaintiff cannot rely on the complaint in support of his motion for summary judgment. Further, this statement is not material to the Court's review of the Administrative Record under the APA and the Academy's decision to disenroll Plaintiff.

5. In or about June 2015, Sell entered the Academy, Class of 2019. <u>See</u> Complaint ¶ 11; <u>see also</u> Administrative Record ("AR") (attached hereto as Exhibit B) AR000011 (indicating that Sell was admitted June 30, 2015).

**Defendants' Response**:

      To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1. However, Defendants admit that Plaintiff was admitted to the Academy on June 30, 2015.

      6. In Plaintiff's third academic year, Plaintiff was accused of cheating on a humanities project. This project was assigned to Sell during his second class sea period. See Complaint ¶ 12; see also AR000055-000091.

**Defendants' Response**:

      To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1. However, Defendants admit that Plaintiff was accused of, and admitted to plagiarizing two papers for his Humanities class. AR 63-64.

      7. As a result of this charge, the matter was referred to an Honor Review Board to undertake an investigation. See Complaint ¶ 13; see also AR000055-000091.

**Defendants' Response**:

      To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1. However, Defendants admit that Plaintiff's charge of plagiarism was referred to the Regimental Honor Board to conduct an investigation. AR 53-91.

      8. As set forth in the Midshipman Honor Manual (the "Honor Manual"), the Honor Review Board can decide to schedule a formal hearing, which permits a jury to vote on the matter; dismiss the matter; or refer the matter to the Commandant for disciplinary action. See Complaint ¶ 14; see also AR000104-000107; Honor Manual Paragraphs 301, 302, 303 (AR000298-000304).

**Defendants' Response**:

      To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1. However, Defendants admit that the Honor Board Review can recommend a formal hearing, a dismissal or refer the matter to the Commandant. AR 302.

      9. The Honor Review Board determined that Sell should appear before a formal hearing. The formal hearing was held on September 19, 2018. See Complaint ¶ 15; see also AR000054, AR000108.

4

**Defendants' Response**:

  To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1. However, Defendants admit that a formal hearing was held on September 19, 2018 after Plaintiff admitted guilt to plagiarizing two papers. AR 54.

  10. Sell admitted to the allegations against him and the Honor Board was convened pursuant to Paragraph 304 of the Honor Manual. See Complaint ¶ 16; see also AR000063-000064; Honor Manual Paragraph 304 (AR000312-000317).

**Defendants' Response**:

  To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1. However, Defendants admit that after Plaintiff pled guilty to plagiarism, the Honor Board was convened for a hearing to "discern a suitable and equitable recommendation for the admitted offense." AR 312.

  11. Paragraph 304(E) of the Honor Manual provides that a midshipman accused of an honor violation has numerous rights. See Complaint ¶ 17; see also Honor Manual Paragraph 304(E) (AR000313-000314).

**Defendants' Response**:

  To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1. Defendants refer the Court to the complete document for its true contents. Defendants further aver that the Honor Manual provides numerous rights to a midshipman, including, but not limited to the right to be present for the hearing, the right to remain silent, and the right to present a defense. AR 313. In addition, Plaintiff acknowledged his understanding of these rights. AR 60.

  12. Paragraph 304(H) of the Honor Manual states that the "burden of demonstrating sufficient cause for retention by a preponderance of the evidence is on Midshipman." See Complaint ¶ 18; see also Honor Manual Paragraph 304(H) (AR000315).

**Defendants' Response**:

  To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1. Defendants refer the Court to the complete document for its true contents. Defendants further aver that paragraph 304 (H) of the Honor Manual states:

> The Presiding Officer will then allow the Accused to present evidence, including written statements from witnesses, can call witnesses to present extenuating and/or mitigating evidence and arguments for retention at the Academy or for minimum or for no disciplinary action. The burden of demonstrating sufficient cause for retention by a preponderance of the evidence is on Midshipman

5

AR314-315.

13. The rules of the Academy provide that in order for a midshipman's penalty to be disenrollment from the Academy, at least six of the nine jury members must so find. See Complaint ¶ 19; see also Honor Manual Paragraph 304(O) ("All members shall cast a vote and six (6) votes are required for separation.") (AR000316).

**Defendants' Response**:

To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1. Further, Defendants dispute this statement. The "jury" does not impose a penalty; the jury merely makes a recommendation as to the proposed penalty. AR 316.

14. After the formal hearing, the jury voted unanimously (9-0) that Sell should not be separated from the Academy or setback. The jury voted unanimously that Sell should be retained by the Academy and should be required to participate in a remediation program. See Complaint ¶ 20; see also AR000029-000046, AR000108.

**Defendants' Response**:

To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1. Further, Defendants dispute this statement. The "jury" does not impose a penalty; the jury merely makes a recommendation as to the proposed penalty. AR 316.

15. Pursuant to Paragraphs 308 and 309 of the Honor Manual, the Superintendent of the Academy at the time, James A. Helis ("Helis"), was tasked with rendering "a final decision regarding the sanctions imposed." See Complaint ¶ 21; see also Honor Manual Paragraphs 308 and 309 (AR000318).

**Defendants' Response**:

To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1. Further, Defendants dispute this statement. Before the matter is referred to the Superintendent, the case is reviewed by the Honor Board Staff and the Honor Board Advisor for recommendations as to a proposed penalty. AR 50-52.

16. On the same date that the jury issued its decision, September 25, 2018, the Regimental Honor Board, via Commandant Mikel E. Stroud ("Stroud") wrote a letter to Superintendent Helis stating that the Honor Staff disagrees with the determination by the jury that the Academy "retain MIDN Sell and recommended he participate in the 120-day remediation program." See Complaint ¶ 22; see also AR000051-000052.

6

**Defendants' Response**:

     To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1.  However, Defendants dispute this statement.  The "jury" does not determine a penalty; the jury merely makes a recommendation as to the proposed penalty.  AR 316.  Defendants admit that the Regimental Honor Board wrote a recommendation dated September 25, 2018.

     17.  The Honor Staff argued in its letter that the penalty imposed by the jury was not severe enough and that Sell should be setback to the class of 2020.  The Honor Staff stated in its letter that it "does not recommend disenrollment." See Complaint ¶ 23; see also AR000051-000052.

**Defendants' Response**:

     To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1.  Further, Defendants dispute this statement.  The "jury" does not impose a penalty. AR 316.  Defendants admit that the Honor Staff recommended a set-back.  However, while the Honor Staff recommended a set-back, the Honor Staff also highlighted that the manner in which Plaintiff "cheated and stole someone else's work was as blatant as could be." AR 51. The Honor Board Staff also noted that Plaintiff's actions demonstrated "a lack of foresight, maturity and responsibility" and that Plaintiff's "reaction to a stressful situation presents an overall flaw in his character." AR 51.

     18.  On September 28, 2018, Honor Advisor Stephen J. McDade, via Stroud, wrote an Honor Advisor Recommendation to Superintendent Helis.  See Complaint ¶ 24; see also AR000050.

**Defendants' Response**:

     To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1.  However, Defendants admit that the Honor Advisor recommend that Plaintiff be disenrolled. AR 50.

     19.  In the letter, McDade recommended that Sell be disenrolled from the Academy.  See Complaint ¶ 25; see also AR000050.

**Defendants' Response**:

     To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1.  However, Defendants admit that the Honor Advisor recommend that Plaintiff be disenrolled. AR 50.

     20.  In support of his position, McDade emphasized Sell's academic problems, claiming that "Sell's current transcript has 7 F's and 3 D's." See Complaint ¶ 26; see also AR000050; transcript for Sell (AR000011-000013).

**Defendants' Response**:

    To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1. However, Defendants admit that the Honor Advisor recommend that Plaintiff be disenrolled. AR 50. Further, it is undisputed that Plaintiff's transcript reflects that he had received 7 "F's" and 3 "D's." The Honor Advisor also noted that, in addition to Plaintiff's overall Academy record, the current plagiarism offense showed Plaintiff's "total disregard for honor and integrity." AR 50

    21. On October 11, 2018, Superintendent Helis provided his decision to Sell. See Complaint ¶ 27; see also AR000047-000048.

**Defendants' Response**:

    To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1. However, Defendants admit that Superintendent Helis imposed a series of penalties upon Plaintiff by letter dated October 11, 2018. AR 47-48.

    22. Superintendent Helis affirmed the findings of the Honor Board as to Sell's guilt and directed multiple "actions." Superintendent Helis did not find a basis to disenroll Plaintiff. See Complaint ¶ 28; see also AR000047-000048.

**Defendants' Response**:

    To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1. Further, Defendants dispute this statement. The Superintendent imposed a series of penalties upon Plaintiff, but the Superintendent did not make a "finding" regarding disenrollment. AR 47-48.

    23. Superintendent Helis determined that Plaintiff should be set back to the Class of 2020. He also required Sell to complete 50 hours of community service. See Complaint ¶ 29; see also AR000047-000048.

**Defendants' Response**:

    To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1. However, Defendants admit that Superintendent Helis imposed a series of penalties upon Plaintiff. AR 47-48.

    24. Superintendent Helis required that prior to Plaintiff joining the Class of 2020 that he take and pass a Physical Readiness Test ("PRT"). See Complaint ¶ 30; see also AR000047-000048.

**Defendants' Response**:

    To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1. However, Defendants admit that

Superintendent Helis imposed a series of penalties upon Plaintiff, including that he take and pass a PRT. AR 47-48.

25. Finally, Superintendent Helis's decision stated that if the Commandant determined that Plaintiff did not properly remediate (i.e. comply with the terms set forth in the Superintendent's Decision) then in such a situation, Plaintiff "will be referred to an Executive Board or Superintendent's hearing and may be disenrolled from the Academy." See Complaint ¶ 31; see also AR000047-000048.

**Defendants' Response**:

To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1. However, Defendants admit that Superintendent Helis imposed a series of penalties upon Plaintiff. AR 47-48.

26. The determination by Superintendent Helis advised Plaintiff that he had the right, pursuant to Paragraph 310B of the Honor Manual, to appeal the final determination. See Complaint ¶ 32; see also AR000047-000048; Honor Manual Paragraph 310B (AR000318).

**Defendants' Response**:

To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1. However, Defendants admit that Superintendent Helis imposed a series of penalties upon Plaintiff and advised Plaintiff of his right to appeal. AR 47-48.

27. Plaintiff acknowledged receipt of the Superintendent's Decision on October 11, 2018. Sell acknowledged his responsibility to abide by the determination. Plaintiff had the right to but did not appeal the determination. See Complaint ¶ 33; see also AR000049.

**Defendants' Response**:

To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1. However, Defendants admit that Plaintiff acknowledged receipt of the Superintendent's decision.

28. Upon information and belief, October 11, 2018 was the last day that Superintendent Helis served as Superintendent at the Academy. See Complaint ¶ 34.

**Defendants' Response**:

To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1.

29. The very next day, the Commandant of Midshipmen, Stroud, made a recommendation for an Executive Board suitability hearing (the "Recommendation"), to the new (interim) Superintendent of the Academy, Susan Dunlap.

See Complaint ¶ 35; see also AR000001.

**Defendants' Response**:

To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1. However, Defendants admit that the Commandant's recommendation for an Executive Board Suitability Hearing was dated October 12, 2018. AR 01. Defendants further aver that the Assistant Director of Athletics recommended on or about August 14, 2018 to the Commandant that due to Plaintiff's repeated failures of the physical readiness test, he should be referred to an Executive Board. AR 166-167.

30. The Recommendation stated that Stroud recommended an Executive Board to determine the suitability of Sell based upon Sell's failures in honor, academics and PRT's. See Complaint ¶ 36; see also AR000001.

**Defendants' Response**:

To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1. However, Defendants admit that Stroud recommended to the interim Superintendent that Plaintiff appear before an Executive Board. AR 01. Defendants further aver that the interim Superintendent directed that Plaintiff appear before the Executive Board. AR 25.

31. Based upon the Recommendation, the Academy provided Sell with notice on or about October 18, 2018, that he would have to appear before an Executive Board for a suitability determination pursuant to Section 6.1 of the Regulations. See Complaint ¶ 37; see also AR000168-000171; Midshipman Regulations (the "Regulations") Section 6.1 (AR000276).

**Defendants' Response**:

To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1. However, Defendants admit that the interim Superintendent directed that Plaintiff appear before the Executive Board. AR 25. Defendants further aver that included with the notice to appear, the Academy provided Plaintiff with the names of the Board members, the name of witnesses to be called and the documentary evidence that the Board was to consider. AR 25-26.

32. The scheduling of an Executive Board based upon the Recommendation was severely flawed for numerous reasons and in violation of Plaintiff's Due Process rights. See Complaint ¶ 38.

**Defendants' Response**:

To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1. Plaintiff's statement is argumentative and should be rejected. Further, Defendants dispute this statement. Due process only requires notice of a hearing and an opportunity to be heard. Rios v. Town of Huntington Hous. Auth., 853 F. Supp. 2d 330, 344-345 (E.D.N.Y. 2012)("The Second Circuit has endorsed

the view that '[w]hen the minimal due process requirements of notice and hearing have been met, a claim that an agency's policies or regulations have not been adhered to does not sustain an action for redress of procedural due process violations.'")(citing McDarby v. Dinkins, 907 F.2d 1334, 1337-38 (2d Cir. 1990). Plaintiff was provided with notice of the hearing (AR 25) and the opportunity to be heard. AR 8-9.

33. First, while Section 6.1 of the Regulations empowers the Superintendent to convene an Executive Board in response to a recommendation of the Commandant, the Regulations only permit convening a hearing under two limited circumstances: 1) to address a disciplinary offense; or 2) if there is a report by the Commandant's Performance Review Board that "indicates a serious lack of aptitude or suitability of a Midshipman for a career in the merchant marine and the United States Navy Reserve." See Complaint ¶ 39; see also Regulations Section 6.1 (AR0000276).

**Defendants' Response**:

To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1. Defendants admit that Section 6.1 of the Regulations sets forth a procedure for a suitability hearing. However, all that is required for procedural due process is notice of a hearing and an opportunity to be heard. Rios v. Town of Huntington Hous. Auth., 853 F. Supp. 2d 330, 344-345 (E.D.N.Y. 2012)("The Second Circuit has endorsed the view that '[w]hen the minimal due process requirements of notice and hearing have been met, a claim that an agency's policies or regulations have not been adhered to does not sustain an action for redress of procedural due process violations.'")(citing McDarby v. Dinkins, 907 F.2d 1334, 1337-38 (2d Cir. 1990). Plaintiff was provided with notice of the hearing (AR 25) and the opportunity to be heard. AR 8-9.

34. The Recommendation by Stroud was neither premised upon a disciplinary offense nor was it premised upon a report after a Performance Review Board. See Complaint ¶ 40; see also AR000001.

**Defendants' Response**:

To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1. Defendants admit that the recommendation was not based solely on a disciplinary offense or after a report by the Performance Review Board. The recommendation for an Executive Board hearing was premised upon Plaintiff's Academy record of multiple deficiencies in academics, physical fitness, and his admitted plagiarism. AR 01, 8-9. All that is required for procedural due process is notice of a hearing and an opportunity to be heard. Due process only requires notice of a hearing and an opportunity to be heard. Rios v. Town of Huntington Hous. Auth., 853 F. Supp. 2d 330, 344-345 (E.D.N.Y. 2012)("The Second Circuit has endorsed the view that '[w]hen the minimal due process requirements of notice and hearing have been met, a claim that an agency's policies or regulations have not been adhered to does not sustain an action for redress of procedural due process violations.'")(citing McDarby v. Dinkins, 907 F.2d 1334, 1337-38 (2d Cir. 1990). Plaintiff was provided with notice of the hearing (AR 25) and the opportunity to be heard. AR 8-9.

35. No Performance Review Board was ever held concerning Sell (the procedures for a Performance Review Board are detailed in Chapter 5 of the Regulations). See Complaint ¶ 41; see also AR000001; Regulations Chapter 5 (AR000273-000275).

**Defendants' Response**:

To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1. Defendants admit that a Performance Review Board did not issue a report. The recommendation for an Executive Board hearing was premised upon Plaintiff's Academy record of multiple deficiencies in academics, physical fitness, and his admitted plagiarism. AR 01, 8-9. All that is required for procedural due process is notice of a hearing and an opportunity to be heard. Rios v. Town of Huntington Hous. Auth., 853 F. Supp. 2d 330, 344-345 (E.D.N.Y. 2012)("The Second Circuit has endorsed the view that '[w]hen the minimal due process requirements of notice and hearing have been met, a claim that an agency's policies or regulations have not been adhered to does not sustain an action for redress of procedural due process violations.'")(citing McDarby v. Dinkins, 907 F.2d 1334, 1337-38 (2d Cir. 1990). Plaintiff was provided with notice of the hearing (AR 25) and the opportunity to be heard. AR 8-9.

36. The Academy's scheduling of an Executive Board was in contravention of its own rules and regulations. See Complaint ¶ 42; see also AR000001; Regulations Chapter 5 (AR000273-000275); Regulations Section 6.1 (AR0000276).

**Defendants' Response**:

To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1. Further, Defendants dispute this statement. The recommendation for an Executive Board hearing was premised upon Plaintiff's Academy record of multiple deficiencies in academics, physical fitness, and his admitted plagiarism. AR 01, 8-9. All that is required for procedural due process is notice of a hearing and an opportunity to be heard. Rios v. Town of Huntington Hous. Auth., 853 F. Supp. 2d 330, 344-345 (E.D.N.Y. 2012)("The Second Circuit has endorsed the view that '[w]hen the minimal due process requirements of notice and hearing have been met, a claim that an agency's policies or regulations have not been adhered to does not sustain an action for redress of procedural due process violations.'")(citing McDarby v. Dinkins, 907 F.2d 1334, 1337-38 (2d Cir. 1990). Plaintiff was provided with notice of the hearing (AR 25) and the opportunity to be heard. AR 8-9.

37. Second, while part of the Recommendation was premised upon Sell appearing before an Honor Board, Sell had already been disciplined and punished for his conduct, resulting in the October 11, 2018 final decision by Superintendent Helis. Sell had already accepted the punishment and did not appeal Superintendent Helis's determination. See Complaint ¶ 43; see also AR000047-000049.

**Defendants' Response**:

To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1. Further, Defendants dispute this

statement. The recommendation for an Executive Board hearing was premised upon Plaintiff's Academy record of multiple deficiencies in academics, physical fitness, and his admitted plagiarism. AR 01, 8-9. All that is required for procedural due process is notice of a hearing and an opportunity to be heard. Rios v. Town of Huntington Hous. Auth., 853 F. Supp. 2d 330, 344-345 (E.D.N.Y. 2012)("The Second Circuit has endorsed the view that '[w]hen the minimal due process requirements of notice and hearing have been met, a claim that an agency's policies or regulations have not been adhered to does not sustain an action for redress of procedural due process violations.'")(citing McDarby v. Dinkins, 907 F.2d 1334, 1337-38 (2d Cir. 1990). Plaintiff was provided with notice of the hearing (AR 25) and the opportunity to be heard. AR 8-9.

38. The Academy's conduct in double-punishing Sell for the same exact conduct violated his Due Process rights. See Complaint ¶ 44.

**Defendants' Response**:

To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1. Plaintiff's statement is argumentative and should be rejected. Further, Defendants dispute this statement. The recommendation for an Executive Board hearing was premised upon Plaintiff's Academy record of multiple deficiencies in academics, physical fitness, and his admitted plagiarism. AR 01, 8-9. All that is required for procedural due process is notice of a hearing and an opportunity to be heard. Rios v. Town of Huntington Hous. Auth., 853 F. Supp. 2d 330, 344-345 (E.D.N.Y. 2012)("The Second Circuit has endorsed the view that '[w]hen the minimal due process requirements of notice and hearing have been met, a claim that an agency's policies or regulations have not been adhered to does not sustain an action for redress of procedural due process violations.'")(citing McDarby v. Dinkins, 907 F.2d 1334, 1337-38 (2d Cir. 1990). Plaintiff was provided with notice of the hearing (AR 25) and the opportunity to be heard. AR 8-9.

39. Third, although the Recommendation was premised upon Plaintiff being placed on deferred graduate status after an Academic Review Board ("ARB"), the Academy was advised that the results of Sell's ARB was "voided" and "superseded" by the October 11, 2018 final decision by Superintendent Helis:
> Good Afternoon [Dean Taha],
> Do you have the letter from the board on the results of [Midshipman] Sell's ARB? If so, can you please enclose?
> Thank you.
> V/R,
> Benjamin Wiese
>
> Ben,
> **We voided that letter, as the SUPT's honor letter included and sulersedes[sic] the Academic terms.**
> Dianne [Taha]

See Complaint ¶ 45; see also October 12, 2018 email chain between Dean Taha and Benjamin Wiese (emphasis added) (AR000005).

13

**Defendants' Response**:

To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1.  Further, Defendants dispute this statement.  Due process requires notice of a hearing and an opportunity to be heard.  Rios v. Town of Huntington Hous. Auth., 853 F. Supp. 2d 330, 344-345 (E.D.N.Y. 2012)("The Second Circuit has endorsed the view that '[w]hen the minimal due process requirements of notice and hearing have been met, a claim that an agency's policies or regulations have not been adhered to does not sustain an action for redress of procedural due process violations.'")(citing McDarby v. Dinkins,  907 F.2d 1334, 1337-38 (2d Cir. 1990).  Plaintiff was provided with notice of the hearing (AR 25) and the opportunity to be heard. AR 8-9.   Further, at the time of the decision by the ARB to place Plaintiff on deferred graduate status, the ARB was not aware of Plaintiff's Honor Code violation.  AR 78.  Further, Plaintiff's grades and multiple failures that formed the ARB's decision for deferred graduate status, were not "voided." Rather, Plaintiff's academic record reflected multiple failures, including 7 "Fs" and 3 "Ds," including 3 "F's" in his most recent semester.  AR 11-13

40.  Stroud was clearly aware of the fact that the results of Plaintiff's ARB had been voided and superseded inasmuch as he was provided with Dean Taha's email on October 15, 2018.  See Complaint ¶ 46; see also AR000005.

**Defendants' Response**:

To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1.  Plaintiff's statement is argumentative and speculative and should be rejected.  Further, Defendants dispute this statement.  Plaintiff grades and multiple failures that formed the ARB's decision for deferred graduate status were not "voided." Rather, Plaintiff's academic record reflected multiple failures, including 7 "Fs" and 3 "Ds," including 3 "F's" in his most recent semester.  AR 11-13

41.  Moreover, prior to making his determination, Superintendent Helis was provided with an objection by McDade wherein McDade specifically recommended that Sell be disenrolled from the Academy based upon his academics.  Clearly, then, in determining Sell's punishment, Superintendent Helis had already considered Plaintiff's academic record.
See Complaint ¶ 47; see also AR000047-000048, AR0000050.

**Defendants' Response**:

To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1.  Plaintiff's statement is argumentative and speculative and should be rejected. Further, Defendants dispute this statement.  The Superintendent imposed a series of penalties upon Plaintiff, but the Superintendent did not make a "finding" regarding Plaintiff's academics.  AR 47-48.

42.  Stroud's reliance upon Plaintiff's PRT's as a basis to recommend an Executive Board was clearly improper.  See Complaint ¶ 48; see also AR000001.

**Defendants' Response**:

To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1. Plaintiff's statement is argumentative and speculative and should be rejected. Further, Defendants dispute this statement. The record reflects that Plaintiff failed three out of six physical readiness tests, the most recent in 2018. AR 166. Defendants further aver that the Assistant Director of Athletics recommended on or about August 14, 2018 to the Commandant that due to Plaintiff's repeated failures of the physical readiness test, he should be referred to an Executive Board. AR 166-167.

43. In his Recommendation, Stroud relied upon failed tests for the first and the third trimester for the "AY 2016," which was Sell's first academic year. Sell, however, had already fully remediated these failed physical exams. See Complaint ¶ 49; see also AR000001, AR000006-000007, AR000205.

**Defendants' Response**:

To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1. Further, Defendants dispute this statement. The record reflects that Plaintiff failed three out of six physical readiness tests, the most recent in 2018. AR 166. Defendants further aver that the Assistant Director of Athletics recommended on or about August 14, 2018 to the Commandant that due to Plaintiff's repeated failures of the physical readiness test, he should be referred to an Executive Board. AR 166-167.

44. In fact, Plaintiff would not have been permitted to spend a semester at sea in his second academic year, had he not been deemed physically fit. See Complaint ¶ 50; see also AR000205.

**Defendants' Response**:

To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1. Further, Defendants aver that Plaintiff's cited reference to AR 205 does not support this statement.

45. Likewise, with regard to the failure in the first trimester of the 2018 academic year, Plaintiff remediated this failure, which is confirmed by the fact that he spent the second and third trimesters at sea that year. See Complaint ¶ 51; see also AR000205.

**Defendants' Response**:

To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1. Further, Defendants dispute this statement. Plaintiff's reference to AR 205 does not support this statement.

46. Though Stroud's Recommendation references a failed test in the first trimester, academic year 2019, indicating an unexcused absence, in actuality the scores for that test were misplaced by the test proctor, Greg Ilaria ("Ilaria"). On October 10, 2018, Plaintiff sent an email to Ilaria regarding his missing test results and asked Ilaria to advise whether there was an outstanding issue with his test results. Confirming that there was no issue with Plaintiff's test

15

results, Ilaria responded "You are all set." See Complaint ¶ 52; see also emails attached hereto as Exhibit C.

**Defendants' Response**:

To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1. Further, Defendants aver that the email stating "you are all set" was between Ilaria and Sell, without any indication that Stroud was aware of the email. In addition, by email dated October 2, 2018, Stroud was notified by Ilaria that Plaintiff failed three physical fitness tests. AR 166. Finally, reference to the failed test was not considered in the Executive Board's disenrollment decision. AR 8-9.

47. The Executive Board was thereafter adjourned until November 15, 2018. Sell was advised that at the Executive Board he will "bear the burden of demonstrating sufficient cause for retention by a preponderance of the evidence." See Complaint ¶ 53; see also AR000025.

**Defendants' Response**:

To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1. Further, Defendants dispute this statement. The Executive Board relied upon testimonial evidence, as well as Plaintiff's Academy record in its determination that Plaintiff be disenrolled. AR 8-9. Plaintiff was thereafter afforded an opportunity to be heard, as required by due process. Doe v. United States Merch. Marine Acad., 307 F. Supp. 3d 121, 156 (E.D.N.Y. 2018)("As required, plaintiff was given a fair hearing, notice of the charges against him, and the opportunity to defend himself.").

48. The Executive Board discussed the issues in the Recommendation by Stroud, such as Sell's cheating on a project pertaining to humanities; Sell's grades; and Sell's alleged failures of the physical fitness tests. See Complaint ¶ 54; see also AR000008-000009.

**Defendants' Response**:

To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1. Further, Defendants admit that the Executive Board discussed Plaintiff's multiple failures. In addition, Defendants further aver that the Executive Board heard testimonial evidence and reviewed Plaintiff's Academy record. AR 8-9.

49. Section 6.6, paragraph 1, of the Regulations provides that at a Suitability Hearing, the "burden for demonstrating sufficient cause for retention by a preponderance of the evidence is on the Midshipman." See Complaint ¶ 55; see also AR000283.

**Defendants' Response**:

To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1. Further, Defendants dispute this statement. The Executive Board relied upon testimonial evidence, as well as Plaintiff's Academy

16

record in its determination that Plaintiff be disenrolled.  AR 8-9.  Plaintiff was thereafter afforded an opportunity to be heard, as required by due process.  Doe v. United States Merch. Marine Acad., 307 F. Supp. 3d 121, 156  (E.D.N.Y. 2018)("As required, plaintiff was given a fair hearing, notice of the charges against him, and the opportunity to defend himself.").

50. The Executive Board determined that Sell could not sustain his burden and recommended that Plaintiff be disenrolled from the Academy.  See Complaint ¶ 56; see also AR000008-000009.

**Defendants' Response**:

To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1.  Further, Defendants dispute this statement. The Executive Board relied upon testimonial evidence, as well as Plaintiff's Academy record in its determination that Plaintiff be disenrolled.  AR 8-9.  Plaintiff was thereafter afforded an opportunity to be heard, as required by due process.  Doe v. United States Merch. Marine Acad., 307 F. Supp. 3d 121, 156  (E.D.N.Y. 2018)("As required, plaintiff was given a fair hearing, notice of the charges against him, and the opportunity to defend himself.").  The Executive Board did not make a finding that Plaintiff did not meet his burden.  AR 8-9.

51. Superintendent Buono, who had replaced interim Superintendent Susan Dunlap, affirmed the decision by the Executive Board that Sell should be disenrolled from the Academy.  See Complaint ¶ 57; see also AR000009.

**Defendants' Response**:

To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1.  However, Defendants admit the Superintendent Buono approved the Executive Board's recommendation.  AR 9.

52. Pursuant to Section 6.9 of the Regulations, Sell appealed the determination to the Maritime Administrator. See Complaint ¶ 58; see also AR000019, AR000285.

**Defendants' Response**:

To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1.  However, Defendants admit that Plaintiff appealed the disenrollment decision.

53. By letter dated March 5, 2019, the Maritime Administrator denied Sell's appeal and upheld the decision by the Superintendent.  See Complaint ¶ 59; see also AR000010.

**Defendants' Response**:

  To the extent that Plaintiff improperly relies on the complaint to support this statement, see Defendants' Response to Plaintiff's statement number 1.  However, Defendants admit that Plaintiff's appeal was denied.

Dated: Central Islip, New York
   January 3, 2020             Respectfully submitted,

                   RICHARD P. DONOGHUE
                   United States Attorney

             By: /s/Diane C. Leonardo
                 Diane C. Leonardo
                 Assistant U.S. Attorney
                 (631) 715-7854